NOT DESIGNATED FOR PUBLICATION

Nos. 113,800
113,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CALVIN JACKSON HINZ,
*Appellant.*


MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed February 26, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.

*Per Curiam*: Calvin Hinz asked the district court to withdraw his two no contest pleas to two counts of possession of methamphetamine because his pleas were "not in his best interests." His motion was denied, and he now asks us to overturn the court's ruling. Because Hinz presents us with no good reason to withdraw his pleas, we affirm the district court.

Hinz and the State entered into a plea agreement that resolved four cases. Hinz agreed to plea to two counts of possession of methamphetamine and one count of theft. In

1

exchange, the State agreed to dismiss the remaining charges. The State agreed that sentencing would be based on the Kansas Sentencing Guidelines Act. The guideline sentence was presumptive probation. Hinz acknowledged that he had not been threatened or coerced into entering the plea agreement. Hinz also acknowledged that the court was not bound by the agreement.

At the plea hearing, the district court explained the possible penalties for the charged crimes. The district court further explained that Hinz was giving up his rights to a trial, to challenge the State's evidence, and to present a defense by entering his pleas. The district court accepted Hinz' no contest pleas and found that they were freely given with the advice of counsel.

Before he was sentenced, Hinz filed a motion to withdraw his pleas, contending that the plea agreement was "not in his best interest." The court considered the motion before Hinz' sentencing hearing. Counsel for Hinz reiterated that the pleas were not in Hinz' best interest. The district court found Hinz' contention "not a basis for withdrawing pleas" and denied the motion.

The court imposed 18 months' imprisonment and 12 months' postrelease supervision for the theft charge and 15 months' imprisonment suspended with 18 months' probation for the possession of methamphetamine charges. The sentences were consecutive. Hinz filed a timely notice of appeal. The cases were consolidated on appeal.

To us, Hinz contends that the court abused its discretion by failing to inquire why Hinz wanted to withdraw his pleas and by failing to hold a meaningful hearing on the matter. He argues the district court should have inquired whether he had competent counsel, whether he was coerced into the plea, and whether he fully understood the pleas. We note that Hinz does not actually assert on appeal that he was coerced into the pleas or that he did not understand the pleas; he merely contends it "is possible" he was seeking to

2

withdraw his plea due to ineffective assistance of counsel and wants a meaningful hearing on his motion.

The traditional standards we follow on such questions are well established by cases that have come before this one. "A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2015 Supp. 22-3210(d)(1). Three factors, sometimes called the "*Edgar* factors," see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 987 (2006), generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2015 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

We must emphasize these are serious matters.

> "A hearing on a motion to withdraw a plea of guilty or no contest is limited to those instances in which the defendant's motion raises substantial issues of fact or law. When the files and records conclusively show that the defendant is entitled to no relief the motion must be denied. [Citation omitted.] Mere conclusions of the defendant are insufficient to raise a substantial issue of fact when no factual basis is alleged or appears in the record. [Citations omitted.]" 299 Kan. at 156.

When a motion to withdraw a plea is summarily denied without argument and additional evidence, appellate courts exercise de novo review and determine whether the motion, records, and files conclusively show the defendant is entitled to no relief. See 299 Kan. at 154-55.

3

The *Fritz* case is instructive. In *Fritz*, the defendant moved to withdraw his plea, asserting that he was vulnerable to pressure from his attorney, who urged him to plea but misled him as to the likely sentence. He also believed there were defenses to the charges against him. But Fritz asserted no specific facts indicating that he involuntarily or unknowingly pled guilty, other than he had not been sleeping well. The record showed that at Fritz' plea hearing the district court went over the plea agreement with Fritz, inquired whether he was satisfied with his attorney, and asked if he had been threatened or made any promises other than the language in the plea agreement. The district court heard brief argument from the parties and then denied the motion without holding an evidentiary hearing. The Kansas Supreme Court affirmed, holding that Fritz' conclusory allegations lacked the substance required to avoid summary dismissal. 299 Kan. at 156-57.

Here, Hinz asserted no substance whatsoever. Hinz' motion to withdraw his pleas asserted only that the plea agreement was "not in his best interest." He asserted no factual basis for this claim. The district court considered the motion at the beginning of Hinz' sentencing hearing. The following exchange occurred:

"THE COURT: I guess, I—there's the motion, very short. That's the issue, he's decided the plea agreement is not in his best interest?

"MS. BERAN: Yes, Your Honor.

"THE COURT: Is that—(interrupted)

"THE DEFENDANT: Yes, sir.

"THE COURT: Stop. You have a lawyer. Your lawyer filed the motion. Is that his argument?

"MS. BERAN: Yes, Your Honor.

"THE COURT: That is not a basis for withdrawing pleas. The motion is denied."

4

A defendant's determination, in hindsight, that his plea was not the best course of action, without more, is not sufficient good cause. See *State v. Schow*, 287 Kan. 529, 542, 197 P.3d 825 (2008). Hinz' only argument was akin to buyer's remorse, not good cause.

No factual basis for Hinz' motion appears in the record either. The record shows that Hinz had competent counsel. At beginning of the motion and sentencing hearing, the following exchange occurred:

> "THE COURT: And are you satisfied with Ms. Beran's representation of you so far?
> "THE DEFENDANT: Very, very well pleased, sir.
> "THE COURT: Any complaints whatsoever about her representation of you?
> "THE DEFENDANT: No, not at all.
> "THE COURT: Do you want her to continue to represent you?
> "THE DEFENDANT: Yes."

The record also shows that Hinz was neither threatened nor coerced into entering his pleas. In his plea agreement, Hinz affirmed that he had "not been threatened or coerced nor [had] any promises been made to persuade [him] to enter a plea . . . ." The district court found that Hinz' pleas were freely given with the advice of counsel.

And, the record shows that the pleas were fairly and understandingly made. The State dropped eight criminal charges in four cases in exchange for Hinz' pleas to three charges. At the plea hearing, the district court explained the mechanics of a no contest plea and the possible penalties for each of the charged crimes. The district court further explained that by entering a plea, Hinz was giving up his rights to a trial, to challenge the State's evidence, and to present a defense.

The record is devoid of any facts that support good cause for Hinz to withdraw his pleas. Rather, the record shows that Hinz had competent counsel, he was neither

threatened nor coerced, and the pleas were fairly and understandingly made. Therefore, the motion, files, and records conclusively show that Hinz is entitled to no relief and the district court did not err by summarily dismissing his motion to withdraw his pleas.

Hinz' reliance on *State v. Taylor*, 266 Kan. 967, 975 P.2d 1196 (1999), is misplaced for it offers him no support. The duty to inquire expressed in *Taylor* stems from a defendant's right to conflict-free counsel. In *Taylor*, the Kansas Supreme Court held that where a trial court became aware of a possible conflict of interest between an attorney and a defendant, it was an abuse of discretion to deny the defendant's motion to withdraw his plea without making a meaningful inquiry. See 266 Kan. at 967, Syl. ¶¶ 2-3. Taylor filed a motion to withdraw his plea before sentencing and requested a continuance to hire new counsel. At the sentencing hearing, Taylor complained about his representation, implying that he agreed to the plea because his counsel "was unwilling or unprepared to try his case on the day of trial." 266 Kan. at 973. The district court denied Taylor's request for a continuance and his motion to withdraw his plea. The Supreme Court recognized that Taylor's statements may have created a conflict of interest between Taylor and his counsel. 266 Kan. at 973-74. The court held that the district court erred by failing to inquire into the potential conflict because without the assistance of conflict-free counsel, Taylor was given no meaningful opportunity to show good cause to withdraw his plea. 266 Kan. at 977.

There is no such duty to inquire when a possible conflict has not been raised before the district court. See *State v. Williams*, 290 Kan. 1050, 236 P.3d 512 (2010). In *Williams*, Williams moved to withdraw her plea because she did not "'believe that taking the plea [was] the best for [her].'" At a hearing on her motion, Williams addressed the court and expressed concerns regarding the nature of the plea. The district court denied Williams' motion without inquiring into the competence of her counsel. On appeal, Williams argued that the district court erred because it did not determine whether she had been represented by competent counsel and whether she had been misled, coerced,

mistreated, or unfairly taken advantage of (the first two *Edgar* factors). The Supreme Court cited its prior discussion of the "*Edgar* factors" in *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010):

> "'The *Edgar* factors remain viable benchmarks for judicial discretion but reliance on them to the exclusion of other factors has not only conflated the good cause and manifest injustice standards of K.S.A. 22-3210(d) but also may have overemphasized the role of plea counsel's competence in deciding presentence plea withdrawal motions. . . .'"
>
> "'. . . All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause.' [Citation omitted.]" *Williams*, 290 Kan. at 1054.

The *Williams* court held that the district court did not abuse its discretion by not "address[ing] a nonexistent, possible conflict of interest between Williams and her attorney" because "[n]othing in Williams' discussion with the judge indicated that she was concerned with the representation provided by her attorney . . . ." Williams' concerns were the nature of the plea, not her representation. 290 Kan. at 1055-56.

Our Supreme Court explained the difference between *Taylor* and *Williams* in *State v. Hulett*, 293 Kan. 312, 263 P.3d 153 (2011). "[T]he defendant in *Taylor* brought the allegation of a counsel's conflict to the attention of the court at the hearing on the motion withdraw plea"; the defendant in *Williams* did not. 293 Kan. at 320-21.

The present case is easily distinguishable from *Taylor*. Hinz made no claim of a conflict with his counsel. In fact, the district court did inquire into Hinz' representation and Hinz stated he was "[v]ery, very well pleased" and wanted her to continue to represent him.

7

Because Hinz` did not claim a conflict with his counsel, the duty to inquire from *Taylor* was not triggered. Therefore, unlike Taylor, Hinz did have the assistance of conflict-free counsel to attempt to show good cause to withdraw his plea at the hearing. However, Hinz' counsel made no argument that would support good cause. Hinz also did not make any such allegations when given the opportunity to speak in his own defense at the sentencing portion of the hearing. Rather, Hinz argued that he was a "sovereign citizen of the United States," that "man's law" did not apply, that "[d]rugs don't matter," that "[m]ind control is a very real thing," and that he did not think he should be punished for theft.

Finally, Hinz argues that the district court violated the ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the district court used his prior convictions to increase his sentence without requiring the prior convictions be proved to a jury beyond a reasonable doubt. Hinz acknowledges that the Kansas Supreme Court considered and rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), but raises the issue to preserve the matter for federal review.

In *Ivory*, the Kansas Supreme Court held that the use of criminal history to calculate the presumptive sentence does not violate due process as interpreted by *Apprendi*. *Ivory*, 273 Kan. at 46-48. Our Supreme Court recently reaffirmed *Ivory* in *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015). Since there is no indication that our Supreme Court is departing from its holding in *Ivory*, this court is duty bound to affirm. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012).

Affirmed.