NOT DESIGNATED FOR PUBLICATION

Nos. 115,442
115,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEOFFREY D. TIPTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 27, 2017.
Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*:  After entering guilty pleas in two cases, Geoffrey D. Tipton filed a motion to withdraw his pleas. The district court denied that motion, and Tipton timely appealed. Finding no abuse of discretion, we affirm.

*Factual and procedural background*

Tipton was charged with possession of methamphetamine and possession of drug paraphernalia in January 2014, in case 14CR96. His criminal history score was A. He was appointed an attorney from private practice, Alice Osburn.

Tipton failed to appear at his arraignment, so a bench warrant for his arrest was issued. When law enforcement officers attempted to serve that warrant, Tipton ran from them, refused to halt, and was charged with felony interference with a law enforcement officer in a separate case—14CR763.

Tipton later entered into a plea agreement in which he agreed to plead guilty as charged to all three offenses in the two cases, with the recommendation that the sentences for the two felony counts be the high grid-box numbers and run consecutively, resulting in 59 months' imprisonment. In return, the State agreed that it would not oppose a motion to depart to placement on Community Corrections. The agreement provided that the State could be released from the agreement if Tipton failed to appear for sentencing.

Tipton failed to appear for sentencing. Thereafter, Tipton told Osburn he wanted to withdraw his plea because he realized that his failure to appear at sentencing would allow the State to rescind its agreement to depart to probation.

Tipton then alleged that Osburn had not provided competent representation. The district court continued the sentencing hearing and appointed new counsel. New counsel filed a motion to withdraw the plea, which the district court denied. At sentencing, the district court pronounced shorter sentences than those contained in the plea agreement, using the mitigated grid-box sentences and running them concurrently, for a total of 37 months' imprisonment with 12 months' probation thereafter. Tipton then appealed, challenging the district court's denial of his motion to withdraw his plea.

2

*Standard of review*

Prior to sentencing, a district court has discretion to permit the withdrawal of a plea for good cause shown. K.S.A. 2015 Supp. 22-3210. The denial of a motion to withdraw will be set aside on appeal only if the defendant meets the burden to show that the district court abused its discretion. *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). A district court abuses its discretion (1) if no reasonable person would have taken the view adopted by the court; (2) if its conclusion was guided by an erroneous legal conclusion; or (3) if its conclusion was based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

*Discussion*

The determination of "good cause" for a withdrawal of plea is guided by three factors, known as the *Edgar* factors, drawn from *State v. Edgar*, 281 Kan. 30, Syl. ¶ 2, 127 P.3d 986 (2006). They are: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010). These factors are not to be applied mechanically. Instead, other matters may be considered by the district court in determining whether the defendant has carried his or her burden to establish good cause. *Aguilar*, 290 Kan. at 513. Tipton argues only the first and third *Edgar* factors.

*Tipton was represented by competent counsel*

Tipton argues on appeal that he should be permitted to withdraw his plea because his counsel was incompetent. This is the third reason Tipton has given for his motion. Tipton first told Osburn he wanted to withdraw his plea because he realized that his failure to appear at sentencing would allow the State to rescind its agreement to depart to probation. Tipton then testified at the hearing on his motion to withdraw his plea that he wanted to withdraw his plea because his brothers had told him he should have gotten a better deal. Tipton's counsel did not argue at the hearing that Tipton's counsel was incompetent. Only on appeal does Tipton raise the issue of incompetence. Generally, issues not raised before the trial court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). We address this issue only because the district court mentioned it, showing it considered this factor.

*Counsel's alleged incompetence*

Tipton argues on appeal that his counsel was incompetent because (1) she met with him only two times; (2) she met with him only very briefly before the plea hearing; and (3) she failed to have the court consolidate his two cases.

The record reveals, however, that Osburn appeared at seven court proceedings and met with Tipton at least three times before the first preliminary hearing. Tipton testified that Osburn met with him for "mere minutes" before the plea hearing, and Osburn acknowledged that she met with him for "not very long." Although the plea agreement was not in writing, Osburn did show Tipton an email containing the terms of the agreement. Osburn did not contact Tipton by phone or letter while he was in Chase County jail on the interference charge, but she did communicate with him via his girlfriend.

4

Ideally, Osburn would have had more time to confer with Tipton; however, Tipton did not raise any concern about the competency of Osburn's representation at the plea hearing. When the district court inquired at the plea hearing whether Tipton had had enough time to speak with Osburn, Tipton said, "Yes." When asked whether the services of his lawyer had been satisfactory, Tipton replied, "Yeah." The district court found that any perceived lack of communication did not have an effect on Osburn's ability to represent Tipton's desire for probation in the plea negotiations. That finding is supported by the record. The offer Osburn obtained from the State included its agreement not to oppose a motion to depart to probation. Moreover, the initial offer she presented to Tipton earlier in the proceedings was for him to serve only the sentence on the interference charge, which would have been about 17 months. Tipton rejected that offer because he wanted a preliminary hearing, and he bears the consequences of that decision.

As to Tipton's last contention that Osburn's representation was not competent, he testified that he wanted the cases consolidated because his brothers had told him he would serve less time if they were consolidated. He testified that he asked Osburn to have them consolidated but she never got back to him. Osburn testified that she had asked the district attorney to consolidate the cases but was told they would not do so. Thus, even if Osburn did not relay the result to Tipton, he was not harmed by the omission—regardless of his knowledge or lack of knowledge, the State refused to consolidate his cases. Osburn's failure to relay this information to Tipton does not show incompetence.

*The district court's legal standard*

Tipton also contends that the district court per se abused its discretion by applying the wrong legal standard to determine counsel's competence. He argues that the district court applied the standard for constitutional ineffectiveness but should have applied the standard for statutory incompetence. Tipton relies solely on the following statement by the district court at the conclusion of the hearing on his motion to withdraw his plea:  "I

5

have nothing to show there's ineffective assistance of counsel other than he would have liked to have talked to Miss Osburn more, possibly."

Tipton correctly asserts that it is sufficient for him to show that counsel was a "lackluster advocate" and thus he did not need to demonstrate ineffective assistance arising to the level of a violation of the Sixth Amendment to show good cause to withdraw his plea. Compare *Aguilar*, 290 Kan. at 513 (stating lackluster advocacy may be sufficient "good cause" to withdraw a plea), with *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (requiring proof that counsel's performance was deficient and that the defendant was prejudiced by it).

Our review of the record does not support Tipton's assertion that the district court relied on the wrong legal standard in making its ruling. Tipton's counsel, during that hearing, did not allege that counsel was incompetent or that any facts constituted "lackluster performance"; instead, the sole error alleged by Tipton's counsel was that Tipton "was not sufficiently informed and did not enter the plea knowingly, voluntarily, and intelligently." Neither Tipton's attorney, nor the State's attorney, nor the judge mentioned the *Edgar* case or the legal standard applicable to the first *Edgar* factor. Instead, Tipton's attorney stated that the court could allow the plea "to be withdrawn for good cause shown," and repeatedly argued that Tipton's confusion and uncertainty over the exact terms of the plea deal amounted to good cause. No mention of "incompetence" was made during the hearing.

The district court made findings of fact immediately after the hearing on the motion to withdraw the plea. Those findings are detailed and comprise over two pages of the record. Those findings reflect that the district court properly considered matters other than the three *Edgar* factors in determining whether the defendant had carried his burden to establish good cause. *Aguilar*, 290 Kan. at 513. Those findings include:  (1) Tipton testified that he wanted to withdraw his pleas because his brothers had told him he should

6

have gotten a better deal; (2) the court could not imagine how Tipton could have gotten a better deal since Tipton, who had an A criminal history, got a recommendation for Community Corrections instead of prison; and (3) the district court had taken Tipton's plea and knew that Tipton was advised of his rights, knew what the possible sentences were, and knew that the court was not bound by the plea agreement.

The district court's only reference to counsel followed:

"But I have nothing to show that there's ineffective assistance of counsel other than he would have liked to have talked to Miss Osburn more, possibly, but he was in Chase County which is a problem that hopefully we're not going to have in the future. But there's no indication[] that she didn't work out a plea agreement that got him probation on offenses that he's clearly presumptive prison and would have been sent to prison on. I don't know if he wants to withdraw the plea because he didn't appear at sentencing and he's afraid the state might not agree to the sentence, but that's not a legal reason. I see no good cause shown."

Having reviewed the record thoroughly, we are convinced that the district court's reference to "ineffective assistance of counsel" was merely inadvertent, and that the district court applied the correct standard of competence in determining "good cause shown." We therefore do not find any error in the legal standard relied on by the court.

Even if we were to assume, however, that the district court erred in finding no "ineffective assistance of counsel" instead of finding no "incompetence of counsel," we would find that error to be harmless. The determination of counsel's competence is a fact-based determination. The facts, summarized in relevant part above, fail to show that Osburn demonstrated lackluster advocacy or was otherwise incompetent. Where, as here, a discretionary decision requires fact-based determinations, a district court abuses its discretion when its decision is based on factual determinations not supported by the evidence. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). But the factual

7

determinations made by the district court here are supported by evidence showing that Osburn was competent under either the statutory or the constitutional standard. Thus counsel's performance failed to provide good cause for withdrawing Tipton's plea.

*Tipton's plea was fairly and understandingly made*

Tipton also argues on appeal that the third *Edgar* factor was met. This factor considers whether the plea was fairly and understandingly made. Tipton argues that he should have been allowed to withdraw his plea because he was confused about the terms of the plea agreement. Tipton testified that he understood the agreement was for a 51-month underlying sentence that would be suspended in lieu of 12 months' probation. The agreement was actually for a 59-month sentence and the State would not oppose a motion to depart to probation.

The terms of the plea agreement were stated on the record at the plea hearing, and Tipton stated that he understood them. The range of possible sentences was explained to Tipton, and he said he understood the charges and the possible penalties. Tipton also indicated that he understood that the district court was not bound by the agreement at sentencing. Citing these reasons, the district court rejected Tipton's claim that his plea was not understandingly made and concluded that Tipton had not shown good cause to withdraw his plea.

The district court had presided over Tipton's motion hearing and earlier plea hearing, so was in the best position to assess whether Tipton's pleas were fairly and understandingly made. For that reason, we do not reweigh evidence or make credibility determinations. Where there is no abuse of discretion, we defer to the trial court's findings of fact. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

We conclude that the district court did not abuse its discretion in finding that Tipton failed to establish good cause to withdraw his pleas. See *State v. Klein*, No. 107,102, 2011 WL 9527166 (Kan. App. 2011) (unpublished opinion). Substantial competent evidence supports the district court's factual findings and conclusions of law that Osburn provided competent representation and that Tipton entered his plea fairly and understandingly. Accordingly, we find no abuse of discretion and affirm the district court's denial of Tipton's motion to withdraw his pleas.

Affirmed.