NOT DESIGNATED FOR PUBLICATION

No. 116,891

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANITA SHANAIL CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; GARY R. HOUSE, judge. Opinion filed February 2, 2018. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Anita Shanail Clark appeals the district court's denial of her postsentence motion to withdraw her plea. Clark argues that her no contest plea was neither knowing nor voluntary because she was under the influence of prescription medication and was only given 20 to 30 minutes to consider the plea offer. Before entering her plea, Clark told the district court that she was not taking any medication that would interfere with her having a clear mind and she had an opportunity to review the plea agreement with her attorney. The district court found Clark's testimony at the plea

1

hearing more credible than her testimony on this motion hearing. Because credibility determinations are left to the district court, we find no abuse of discretion.

As a result of the plea negotiations with the State, Clark agreed to plead no contest to one count of conspiracy to distribute Hydrocodone, a drug severity level 3 felony. In return, the State agreed to dismiss all other charges. The parties also agreed that Clark was permitted to file departure motions and the State could oppose the motions. Clark signed an acknowledgment of rights and entry of plea form. A notation on the form disclosed that Clark was taking prescription medications.

At a plea hearing that same day, the court asked if Clark had an opportunity to review the plea agreement with her attorney and if she was satisfied with the advice of her counsel. Clark answered "yes" to both. The court stated, "I see that you take medication. Is there anything—any medication that you take or anything that would interfere with you having a clear mind today?" Clark responded, "No, sir."  The court found that Clark voluntarily entered her no contest plea and found her guilty of conspiracy to distribute Hydrocodone.

Clark faced a presumptive prison sentence of 49, 53, or 56 months. She filed a motion for a durational and dispositional departure. The court sentenced Clark to a downward durational departure sentence of 41 months in prison.

Clark appealed her sentence to this court claiming that the district court erred when it denied her motion for a dispositional departure and only partially granted her motion for a durational departure. This court found that Clark failed to show an abuse of discretion and affirmed her sentence. *State v. Clark*, No. 110,881, 2014 WL 5849257 (Kan. App. 2014) (unpublished opinion).

Having received the result of her appeal, Clark then filed a motion to withdraw her plea alleging only that she "did not fully understand what she was doing when entering her plea nor did she understand the gravity of the charges she was pleading to. The granting of this Motion will result in manifest injustice not occurring in this case."

The court held a hearing on the motion and heard testimony from Clark. On direct examination, Clark testified that her son passed away a little over a year before she entered the plea and, at the time of the plea, she was taking Xanax for anxiety and Hydrocodone for back pain, as prescribed by her doctor. She testified she had 20-30 minutes to think about the plea agreement before going in to court. She testified that she did not understand what she was doing that day. She was "in a daze," "upset," and "[g]oing through the motion." When asked about her response to the court's question at the plea hearing if she was taking medication, she said that she thought the court was asking if she was under the influence of illegal drugs, not prescription medication.

On cross-examination, she testified that she had been taking prescription medication for a year prior to the plea hearing and was functioning day-to-day. She did not tell her attorney that she could not understand or was dazed or dysfunctional. The State asked Clark if she remembered that her attorney filed a motion for a durational and a dispositional departure. She said she did remember. The State asked Clark if she understood that meant she was asking the court to either give her a shorter sentence than what was presumed or not send her to prison even if it was presumed. Clark responded, "Yes." The State again asked Clark if she understood that. Clark responded, "Not really." On redirect examination, Clark could not explain the difference between a dispositional and a durational departure.

The court denied Clark's motion to withdraw her plea. In explaining its decision, the court referred to its questions to Clark at the plea hearing asking if she had time to review the plea agreement with her attorney and if she was under the influence of

3

medication. The court referred to Clark's substance abuse evaluation where the counselor stated that Clark was oriented at that time. The court found that Clark had been taking Hydrocodone since 2008 and a lot of things had happened in between. The court noted that after the plea, it denied her dispositional departure motion and granted only in part her durational departure motion. The court stated that "based on what she told the Court that day when she made the plea," the plea was voluntarily made. The court found Clark "knowingly and voluntarily" entered her plea.

To us, Clark contends that the district court abused its discretion because her plea was neither knowing nor voluntary for three reasons:

- She was taking medications that affected her ability to understand the consequences of her plea;
- she was only given 20-30 minutes to decide whether to enter a plea; and
- the district court did not inform her about the consequences of entering her plea.

Clark's last contention—that the district court did not inform her about the consequences of entering her plea—was not raised below. Clark argues for the first time on appeal that the district court did not advise her of her possible sentences at the plea hearing. At the motion to withdraw her plea hearing, Clark focused on her own state of mind: that is, if she understood the plea given; she was under the influence of medication; and she only had 20-30 minutes to decide whether to accept the State's offer. Issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Since Clark does not argue that an exception to this rule applies, we will only consider Clark's first two contentions.

The law governing plea withdrawals controls here. Before sentencing, a plea may be withdrawn within the discretion of the court for good cause shown. K.S.A. 2016 Supp. 22-3210(d)(1). After sentencing, the court may allow a defendant to withdraw a plea only

4

to correct manifest injustice. K.S.A. 2016 Supp. 22-3210(d)(2). Manifest injustice is a more stringent standard for a defendant to meet than the good cause standard applied when the defendant requests to withdraw a plea before sentencing. *State v. Macias-Medina*, 293 Kan. 833, 836-37, 268 P.3d 1201 (2012). In this case, the more stringent manifest injustice standard applies. Kansas courts have defined manifest injustice as something "obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959 (2006).

Three factors (often referred to as the *Edgar* factors) generally guide a district court's consideration for either a presentence or postsentence plea withdrawal:

- Whether the defendant was represented by competent counsel;
- whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and
- whether the plea was fairly and understandingly made.

These factors should not be applied mechanically and to the exclusion of other factors. See *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014) (presentence); *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014) (postsentence).

These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other factors that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016). Other factors that may support the denial of a postsentence motion to withdraw a plea include:

- reasonable promptness of the motion;
- the defendant's failure to raise the issue in a prior direct appeal or K.S.A. 60-1507 proceeding;
- prejudice to the State;
- the defendant's prior involvement in the criminal justice system; and

5

- the defendant's receipt of a favorable plea bargain. *State v. Moses*, 280 Kan. 939, 950-54, 127 P.3d 330 (2006).

Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw a plea in the absence of an abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. See *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015). Appellate courts do not reweigh the evidence or pass on the credibility of witnesses. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

In Clark's case, the district court had to decide whether to believe her testimony at the plea hearing or her testimony at the motion to withdraw her plea hearing. At the plea hearing, the district court noted that Clark was taking medication and specifically asked if there was "any medication that you take or anything that would interfere with you having a clear mind today?" Clark responded "No, sir." No reasonable interpretation of the court's question would limit its application to illegal drugs. The district court also specifically asked if Clark had an opportunity to review the plea agreement with her attorney and if she was satisfied with the advice of her counsel. Clark answered "yes" to both. The district court denied Clark's motion to withdraw her plea "based on what she told the Court that day when she made the plea." Thus, the court essentially made a

determination that Clark's statements on the day of her plea hearing were more credible than the statements she made at the motion to withdraw hearing.

We do not review credibility determinations because the district court is in the unique position of evaluating the witness' demeanor in court. We note the same judge presided over Clark's plea hearing and the motion to withdraw her plea hearing. The court had an opportunity to question Clark and observe her demeanor at the plea hearing. Clark's motion to withdraw her plea comes only after the district court denied her dispositional departure motion and this court affirmed the district court in her appeal. *Clark*, 2014 WL 5849257. Clark did not raise the issue of her medication at either of those times. We see no abuse of discretion. This court rejected a similar argument in *State v. Rist*, No. 113,173, 2016 WL 4161309, at *6 (Kan. App. 2016) (unpublished opinion).

Clark argues that the district court did not use the correct legal standard because the court failed to mention the *Edgar* factors or the manifest injustice standard, and did not address whether Clark understood the consequences of her plea or make a finding whether the plea was knowingly entered. Clark cites *State v. Aguilar*, 290 Kan. 506, 514-15, 231 P.3d 563 (2010).

In *Aguilar*, the defendant moved to withdraw her plea before sentencing. At the hearing on her motion to withdraw her plea, there was no doubt the issue to be addressed was the conflict of interest between codefendants and whether it amounted to good cause for plea withdrawal.

> "But the district judge exhibited no awareness of the governing legal standards. He gave no indication that he correctly applied those standards in this particular case. Instead of addressing the conflict of interest and its influence on the first of the *Edgar* factors, the

7

court merely stated: 'I've had Mr. Carlin in this courtroom a lot of times. I think he does a good job.'" 290 Kan. at 515.

In *Aguilar*, the issue raised by the defendant was the first *Edgar* factor and the court abused its discretion by not properly considering the governing law relating to that factor.

Contrary to Clark's assertion, the court was not required to consider *Edgar* factors that were not argued by the defendant. In *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010), it was also alleged that the district court did not consider two of the *Edgar* factors. The Kansas Supreme Court affirmed because the district court addressed all of the concerns raised by the defense. 290 Kan. at 1056. The Supreme Court cited its prior discussion of the *Edgar* factors in *Aguilar*, 290 Kan. at 512-13:

> "'The *Edgar* factors remain viable benchmarks for judicial discretion but reliance on them to the exclusion of other factors has not only conflated the good cause and manifest injustice standards of K.S.A. 22-3210(d) but also may have overemphasized the role of plea counsel's competence in deciding presentence plea withdrawal motions. . . .

> "'. . . All of the Edgar factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause.' [Citation omitted.]" *Williams*, 290 Kan. at 1054.

Panels of this court have stated on several occasions that a district court is not required to make express findings on each *Edgar* factor. See, e.g., *State v. Simpson*, No. 109,063, 2014 WL 1193382, at *4 (Kan. App. 2014) (unpublished opinion).

> "For one, the district court is not required to consider all three factors if a defendant supports his or her good cause with only one of the three. Additionally, the district court's implicit consideration of the *Edgar* factors—such as when the State discusses the factors in its argument—is sufficient. [Citations omitted.]" 2014 WL 1193382, at *4.

8

In *State v. Wicken*, No. 101,974, 2010 WL 1078462, at \*2 (Kan. App. 2010) (unpublished opinion), a panel of this court found no abuse of discretion even though there was no mention of the *Edgar* factors in the transcript of the motion hearing or in the district court's journal entry denying the defendant's motion to withdraw his plea.

Here, as best as we can tell from Clark's one-paragraph motion and her testimony, her sole contention before the district court was that she did not understand the plea or the charge she was pleading to because she was taking prescription medication and was given a short timeframe to consider the plea. The court responded to this argument without using the words "*Edgar* factors" or "manifest injustice." The court found Clark's plea was knowing and voluntary.

Clark cites *State v. Denmark-Wagner*, 292 Kan. 870, 876-77, 258 P.3d 960 (2011), to support her argument that she was pressured to take the plea because of the short time she had to make a decision. *Denmark-Wagner* does not support her argument. In *Denmark-Wagner*, the defendant alleged that his mother and sister pressured him into pleading guilty. The court held that family pressure to accept a plea agreement did not constitute coercion to render the defendant's plea involuntary because the decision to enter the plea was ultimately the defendant's choice. 292 Kan. at 877. Actually, Clark cites no authority supporting her contention that a short period to accept or reject a plea constitutes coercion to render a defendant's plea involuntary. Clearly, Clark testified at the plea hearing that she had an opportunity to review the plea with her attorney and was satisfied with his advice.

At the plea hearing, the court informed Clark that by pleading no contest she was giving up her rights:
- to a jury trial;
- to make the State prove her guilt beyond a reasonable doubt; and
- to call and cross-examine witnesses.

9

The court asked if she had been promised, threatened, or coerced in any manner to enter the plea. Clark responded, "No." Clark received a favorable plea bargain. Since she has a long list of prior convictions, she was obviously familiar with the legal system. She did not raise any issues with her plea until after the district court denied her dispositional departure motion and only partially granted her durational departure motion. Additionally, she waited until after she lost her direct appeal.

Clark has not met her burden to show that the district court's decision was based on an error of law, was based on an error of fact, or was unreasonable. The district court made a credibility determination that we will not now disturb.

Affirmed.