NOT DESIGNATED FOR PUBLICATION

No. 117,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD L. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed August 17, 2018. Reversed and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Defendant Richard L. Johnson drafted and filed his own motion to withdraw his plea to involuntary manslaughter before his sentencing in the Sedgwick County District Court. Because of the way his appointed lawyer and the district court handled the motion, Johnson was forced to argue it on his own, impermissibly depriving him of his constitutional right to legal representation. We, therefore, reverse the denial of

1

Johnson's motion and remand with directions that the district court appoint conflict-free counsel for Johnson and hold another hearing.

As part of an agreement with the State, Johnson pleaded guilty to involuntary manslaughter in February 2017 with a joint recommendation for a mid-range presumptive prison sentence of 162 months based on his criminal history classification of A. The case arose out of an August 2016 motor vehicle collision in which Johnson's sedan crossed the centerline and struck an oncoming car, killing the driver of that car. Johnson was intoxicated and had been involved in a hit-and-run collision less than half an hour earlier. As part of the plea arrangement, the State agreed to drop a charge of leaving the scene based on the first collision. During the somewhat extended plea negotiations, the State had declared its intention to ask the district court to bind Johnson over on a second-degree murder charge at the preliminary hearing if the offer were rejected.

In late March, Johnson sent a letter to the district court complaining that following the fatal collision: (1) His blood had been tested only for alcohol; (2) his car had never been "inspected," despite his suggestion; and (3) his lawyer had repeatedly ignored his requests for a medical evaluation.[*] In the letter, Johnson twice stated, "I decline the Plea." The district court correctly treated the letter as Johnson's own motion to withdraw his plea. The letter was placed in the court file and provided to the prosecutor and Johnson's lawyer. The district court scheduled a hearing on the motion for April 4.

[*]There is some ambiguity in the record whether Johnson wanted a psychological or a physiological examination. In the letter, he refers to a "physcological [*sic*] evaluation." A later hearing transcript renders him as saying he asked for a physiological examination. The request appears to have been prompted by Johnson's stated inability to recall the circumstances of the fatal collision. Ultimately, the type of examination is immaterial to our disposition of this appeal.

At the hearing, Johnson's lawyer told the district court he could not and would not argue the motion to withdraw the plea on his client's behalf because the allegations

2

necessarily called into question the adequacy of his representation, thereby creating a conflict of interest. The lawyer recommended Johnson be appointed new counsel to represent him on the motion. Under the circumstances, the district court had to determine whether Johnson required substitute counsel before addressing the motion to withdraw his plea.

Johnson had earlier drafted and filed two motions requesting the district court replace his appointed lawyer. In the first motion, Johnson complained that the lawyer had not fully communicated with him and was pressuring him to accept the plea offer. The district court held a hearing and had Johnson elaborate on his complaints. Johnson focused primarily on his inability to remember the collision and the long sentence (13 1/2 years) called for in the plea agreement. The lawyer outlined his many meetings and other communications with Johnson and his explanation to Johnson of the proposed plea offer and its benefits given the evidence. The lawyer also told the district court that he had provided Johnson with the written discovery from the State and Johnson had the opportunity to look at video and photographic evidence. The district court declined to appoint new counsel, finding no conflict of interest, no irremediable breakdown in communication, and no justifiable dissatisfaction on Johnson's part. In the second motion, Johnson complained that the lawyer had not protected his speedy trial rights. The district court again held a hearing. At the hearing, Johnson voiced complaints similar to those he made during the first hearing. The district court again declined to appoint a new lawyer for Johnson. Johnson accepted the plea agreement and pleaded guilty shortly after the district court denied his second request.

At the hearing on the motion to withdraw the plea, the district court asked Johnson why he wanted to go back on the deal. Johnson reiterated that he didn't know what happened the night of the collision. He said there were "discrepancies" in the discovery that he was not asked to identify and did not identify. Johnson told the district court "14 years . . . might as well [be] . . . a life sentence" and he was "fairly confused" about why

3

he should receive that sort of punishment for "an accident." Johnson's lawyer did not participate in the argument in support of the motion, consistent with his representation to the district court at the start of the hearing. The district court identified the factors outlined in *State v. Edgar*, 281 Kan 30, 36, 127 P.3d 986 (2006), to be considered in ruling on a motion to withdraw a plea and found Johnson had failed to show grounds warranting withdrawal.

Ten days later, the district court sentenced Johnson to 162 months in prison and 36 months of postrelease supervision conforming to the plea agreement. Johnson has appealed and challenges the denial of his motion to withdraw his plea.

A defendant has the right to withdraw a plea before sentencing for "good cause" and in the district court's "discretion." K.S.A. 2017 Supp. 22-3210(d)(1). District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea:  (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these considerations—commonly known as the *Edgar* factors—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). All three factors need not favor the defendant to permit relief from a plea, and the district court should consider other relevant circumstances based on the facts of the particular case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

The first factor directly calls into question the competence of a defendant's lawyer. So if it has been asserted as a ground for withdrawing a plea or if a defendant alleges his or her lawyer coerced a plea, then the lawyer faces a potential conflict of interest. That

potential conflict, in turn, requires the district court to inquire further to determine whether substitute counsel should represent the defendant on the motion to withdraw. If a defendant has "justifiable dissatisfaction" with his or her lawyer based on a demonstrable conflict of interest on the lawyer's part, an irreconcilable disagreement between the lawyer and defendant, or a complete breakdown in communication between them, the district court should appoint a new lawyer. *State v. Brown*, 300 Kan. 565, 575, 331 P.3d 797 (2014); *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014). When a criminal defendant presents a colorable basis for justifiable dissatisfaction, the district court has an obligation to inquire further to explore the factual circumstances. *Brown*, 300 Kan. at 577. The district court must, at the very least, permit the defendant personally to outline the bases for the asserted dissatisfaction and then augment that statement with focused questioning of the defendant and likely of the lawyer. *State v. Sharkey*, 299 Kan. 87, 99, 322 P.3d 325 (2014).

Should that examination dispel the existence of any justifiable dissatisfaction, including a conflict of interest, the district court may proceed without appointing a new lawyer for the defendant. And the lawyer must continue to advocate for the defendant going forward. If, however, that preliminary assessment suggests the defendant may, in fact, be justifiably dissatisfied with his or her legal representation, the district court ought to appoint substitute counsel to represent the defendant in definitively resolving the asserted dissatisfaction.

Here, the district court made no such targeted inquiry into the complaints Johnson lodged in his letter or during the hearing on his motion to withdraw his plea. So the district court did not determine whether Johnson had a justifiable dissatisfaction with his lawyer. If he did not, then the lawyer was in a position to—and should have—argued Johnson's motion to withdraw his plea. If he were justifiably dissatisfied, the district court should have appointed a new lawyer to represent Johnson going forward in the case, including on the motion to withdraw his plea.

The district court, however, simply turned to the motion and asked Johnson to address the substantive grounds on which he believed he should be permitted to withdraw his plea. In doing so, the district court forced Johnson to represent himself in arguing his motion. The transcript shows that Johnson, not surprisingly, didn't do a very good job. An assistant district attorney capably argued against the motion. As we pointed out, the district court discussed the *Edgar* factors and then denied Johnson's motion.

What the district court did deprived Johnson of his right to counsel, as guaranteed in the Sixth Amendment to the United States Constitution. A criminal defendant is constitutionally entitled to effective legal representation at every "critical stage" of the prosecution against him or her. *Iowa v. Tovar*, 541 U.S. 77, 80, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004); *State v. Jones*, 290 Kan. 373, 379, 228 P.3d 394 (2010) ("The right to counsel applies to all 'critical stages' of the criminal process of an accused who faces incarceration."). A hearing on a motion to withdraw a plea is a critical stage. See *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 (1999). In short, a lawyer—a skilled and experienced advocate—argued for the State against Johnson's motion. Johnson—who rather obviously was neither skilled nor experienced in courtroom advocacy—was on his own. This likely amounted to a structural error. The United States Supreme Court "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the [criminal] proceeding." *United States v. Cronic*, 466 U.S. 648, 659 n.25, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

Even if it were not, we decline to say on this record that Johnson's lack of representation on his motion was harmless beyond a reasonable doubt. See *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011) (standard for assessing harmlessness of nonstructural constitutional error in criminal proceeding). In his motion and at the hearing, Johnson cited possible deficiencies in the development of his case that might

6

lead to potential defenses to the involuntary manslaughter charge. The references were cursory and elliptical. But they went beyond the issues Johnson raised in his earlier motions for a new lawyer, so the denial of those motions could not have been determinative. We cannot say what a lawyer could have learned about those complaints from visiting with Johnson, examining the evidence, and reviewing the court record. A lawyer might have been able to fashion a fair argument supporting Johnson's request to withdraw his plea. That uncertainty requires us to reverse the denial of Johnson's motion. See *Gideon v. Wainwright*, 372 U.S. 335, 342-44, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963) (The "noble ideal" of fair and impartial criminal adjudications "cannot be realized if the poor man charged with a crime has to face his accusers without a lawyer"—categorically rejecting the argument that the right to counsel is less than fundamental.).

In closing, we mention that the district court relied on *State v. Fritz*, 299 Kan. 153, 321 P.3d 763 (2014), to support its denial of Johnson's motion. We find the reliance misplaced. In *Fritz*, the Kansas Supreme Court recognized that a district court could deny a motion to withdraw a plea without a hearing if the defendant's assertions in the motion, coupled with the record in the case, "conclusively show" no basis for relief. 299 Kan. at 156. In that case, Fritz filed his own motion to withdraw his plea. He later withdrew the motion. After a remand to the district court for resentencing, a new lawyer appointed to represent Fritz filed "a renewed motion" to withdraw the plea. When the district court considered the matter, Fritz was represented by conflict-free counsel. The motion, however, failed to establish even colorable grounds for withdrawing the plea. Under the circumstances, the Kansas Supreme Court found no reversible error in the district court's decision to summarily deny the motion. 299 Kan. at 156-57.

The situation here is not analogous. Most importantly, Johnson—unlike Fritz—was without legal representation on his motion. In addition, the district court did not consider and deny Johnson's motion summarily. It conducted a hearing at which Johnson was forced to represent himself and the State appeared through an assistant district

7

attorney. Finally, as we indicated, Johnson's complaints, though less than fully developed, were not wholly conclusory. In short, *Fritz* does not control directly or by sufficiently comparable circumstances to be determinative authority.

We, therefore, reverse the denial of Johnson's motion to withdraw his plea and remand to the district court with directions to hold a hearing on the motion after appointing conflict-free counsel to represent Johnson. Following the hearing, the district court should enter any orders necessary to effectuate its ruling on the motion.