NOT DESIGNATED FOR PUBLICATION

No. 118,874

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS DANIEL MUSSER III,
*Appellant*.


MEMORANDUM OPINION

Appeal from Morton District Court; CLINT B. PETERSON, judge. Opinion filed February 8, 2019. Affirmed in part and dismissed in part.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Eric L. Witcher*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.


PER CURIAM: Curtis Daniel Musser III entered no contest pleas to two counts of rape. Before sentencing, Musser sought to withdraw his pleas on grounds that he misunderstood the nature of a no contest plea. The district court summarily rejected Musser's argument and refused to let him withdraw his pleas. Musser now appeals, claiming the district court abused its discretion in denying his motion to withdraw his pleas. Musser also contends that the sentence he received, which was the highest term in the presumptive sentencing grid block, violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. After considering both of Musser's arguments, we affirm the district court in part and dismiss the appeal in part.

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2016, the State charged Musser with eight counts of rape, three counts of aggravated criminal sodomy, and one count of aggravated indecent solicitation of a child. These charges stemmed from accusations that Musser had sex with his 13-year-old daughter.

On November 8, 2016, Musser appeared before the district court for arraignment. The prosecutor and defense counsel advised the court that pursuant to a plea agreement, Musser would be entering a no contest plea to an amended information alleging two counts of rape. The State agreed to dismiss the remaining charges, and the parties jointly recommended consecutive sentences for each count. The district court explained to Musser his rights, including his right to be presumed innocent, the right to a preliminary hearing, the right to be represented by an attorney, the right to call and cross-examine witnesses, the right to testify or not testify, the right to have the charges against him be proven beyond a reasonable doubt to a jury, and the right to appeal the jury's verdict.

When the district court questioned if he understood those rights, Musser responded affirmatively. The court then asked Musser whether he understood that if he waived his right to a preliminary hearing, he would be waiving it forever. Musser first stated that he was "not sure" but then indicated his understanding and stated that he wanted to waive his right to a preliminary hearing. Musser also expressed his understanding of his right to a jury trial, as well as his understanding that if he gave up his right to a jury trial and entered a no contest plea, the court would find him guilty of the rape charges as long as the State provided a factual basis to support the charges. Musser denied that anyone had threatened him or promised anything in exchange for his pleas. The court next asked Musser whether he understood that he had no right to appeal a sentence imposed in accordance with Kansas laws. Musser said that he understood but then denied that he had ever seen a copy of the Kansas Sentencing Guidelines Grid. As a result, the district court

2

stated that it did not feel comfortable going forward and continued the hearing to give defense counsel sufficient time to go over the sentencing guidelines with Musser.

The parties returned to court a week later, on November 15, 2016. At the outset, defense counsel advised the district court that he had reviewed the sentencing grid and presentence investigation report with Musser and that Musser was prepared to enter a plea of no contest to the amended information. Musser stated that he had clarified any questions about the sentence with counsel. Prior to accepting his plea, the district court again explained to Musser his rights, including his right to be presumed innocent, the right to call and cross-examine witnesses, the right to testify or not testify, the right to have the charges against him be proven beyond a reasonable doubt to a jury, and the right to appeal the jury's verdict. Musser expressed his understanding of these rights and advised the court that no one had threatened him or promised anything in exchange for his pleas. Musser claimed that his mind was clear and that he understood what was happening. The court also explained the charges against Musser and the penalties they carried. Musser indicated that he had reviewed this information with his attorney and understood the charges against him and the potential sentence he faced. The State then presented a factual basis for the charges. Based upon Musser's answers to its questions, the district court accepted his pleas, finding there was a sufficient factual basis to support the charges and Musser's pleas had been freely and voluntarily made. Specifically, the judge stated:

> "I find the Defendant to be mentally competent. I find his pleas of no contest were freely
> and voluntarily made with a full understanding of their consequences and not out of
> ignorance, fear, inadvertence or coercion. I find the factual basis provided by the State to
> be sufficient. I find the Defendant guilty."

The parties appeared for sentencing on December 13, 2016, where the district court asked Musser if he had anything to say before the court imposed sentence. Musser

responded, "Probably too late, but I was wanting to retract my plea because this is not what I wanted." The district court proceeded to sentence Musser to consecutive 165-month prison terms for each count of rape, in addition to lifetime postrelease supervision. Thereafter, the following exchange occurred:

"THE COURT: . . . Mr. Musser, you indicated this is not what you want. What do you mean by that?

"THE DEFENDANT: I was wanting to fight. I didn't—I misunderstood what no contest was. I was told it meant that I did not agree.

"THE COURT: Well, before you entered your plea of no contest, I specifically told you what was going to happen.

"THE DEFENDANT: I was just listening to what [defense counsel] said. He was telling me what to say, and I didn't understand.

"THE COURT: And how old are you?

"THE DEFENDANT: Thirty.

"THE COURT: And you are convicted of having sex with a 13-year-old?

"THE DEFENDANT: Yes."

The district court went on to advise Musser of his right to appeal his sentence as well as the rights he forfeited as a convicted felon. The prosecutor then pointed out that the parties previously had continued the arraignment so that Musser could go over the consequences of his pleas with counsel. The district court noted that the prior continuance was reflected in its notes and thereafter adjourned the hearing. Musser filed this timely appeal.

ANALYSIS

Musser raises two issues on appeal. First, Musser argues that the district court abused its discretion when it denied his presentence motion to withdraw his pleas. Second, Musser argues that the court violated his constitutional rights when it sentenced him to the aggravated sentence in the applicable grid box without requiring the State to

4

prove the aggravating factors to a jury beyond a reasonable doubt. We address each of these allegations in turn.

*Presentence motion to withdraw pleas*

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2017 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the district court abused its discretion in denying a presentence motion to withdraw a plea. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court, (2) the action is based on an error of law, or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Musser, as the party alleging abuse of discretion, bears the burden of proof. See *State v. Garcia*, 295 Kan. 53, 61, 283 P.3d 165 (2012). Where, as here, a motion to withdraw a plea is summarily denied without argument and additional evidence, appellate courts exercise de novo review and determine whether the motion, records, and files conclusively show the defendant is entitled to no relief. See *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

Three factors, often referred to as the *Edgar* factors, generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2017 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors should not "be applied mechanically and to the exclusion of other factors." *Fritz*, 299 Kan. at 154.

Relying primarily on *State v. Taylor*, 266 Kan. 967, 975 P.2d 1196 (1999), Musser argues that the district court failed to conduct a meaningful inquiry into his motion to withdraw his pleas. To that end, Musser notes that the court did not address any of the *Edgar* factors, including any possible conflict of interest he might have had with counsel, or specifically rule on whether Musser had established good cause to withdraw his pleas.

In *Taylor*, the defendant filed a motion to withdraw his plea before sentencing and requested a continuance to hire new counsel. At the sentencing hearing, the defendant complained about his representation, implying that he agreed to the plea because his counsel "was unwilling or unprepared to try his case on the day of trial." 266 Kan. at 973. The district court denied the defendant's request for a continuance and his motion to withdraw his plea. On review, the Kansas Supreme Court recognized that the defendant's statements may have created a conflict of interest between the defendant and his counsel. As a result, the court held that the district court erred by failing to inquire into the potential conflict because without the assistance of conflict-free counsel, the defendant was given no meaningful opportunity to show good cause to withdraw his plea. 266 Kan. at 977.

But there is no such duty to inquire when a possible conflict has not been raised before the district court. See *State v. Williams*, 290 Kan. 1050, 236 P.3d 512 (2010). In *Williams*, the defendant moved to withdraw her plea because she did not "'believe that taking the plea [was] the best for [her].'" 290 Kan. at 1051. At a hearing on the motion, the defendant addressed the court and expressed concerns regarding the nature of the plea. The district court denied the defendant's motion without inquiring into the competence of her counsel. On appeal, the defendant argued that the district court erred because it did not determine whether she had been represented by competent counsel and whether she had been misled, coerced, mistreated, or unfairly taken advantage of (the first two *Edgar* factors). The *Williams* court held that the district court did not abuse its discretion by not addressing "a nonexistent, possible conflict of interest" between the

6

defendant and her attorney because nothing in the defendant's discussion with the court indicated that she was concerned with the representation provided by her attorney. The defendant's concerns dealt with the nature of her plea, not her representation. 290 Kan. at 1055-56; see *State v. Hulett*, 293 Kan. 312, 320, 263 P.3d 153 (2011) ("[T]he defendant in *Taylor* brought the allegation of a counsel's conflict to the attention of the court at the hearing on the motion to withdraw plea"; the defendant in *Williams* did not.).

Here, Musser made no claim of a conflict with his counsel when he appeared at the sentencing hearing. Instead, Musser indicated that he had misunderstood what it meant to enter a no contest plea and that he was only repeating what counsel told him to say. Additionally, no factual basis for Musser's claim of misunderstanding appears in the record. When Musser first appeared for arraignment on November 8, the district court questioned Musser regarding his understanding of his rights and whether he understood the plea. The court specifically noted that if Musser waived his right to a jury trial and entered a no contest plea, it would find him guilty of the rape charges as long as the State provided a factual basis to support the charges. Musser did not indicate any reluctance or disagreement with the terms of the plea or complain of any issues with his counsel. Significantly, the court continued the arraignment after Musser advised that he was not familiar with the sentencing grid.

When Musser subsequently appeared for arraignment on November 15, he expressed no uncertainty about entering his pleas or any dissatisfaction with counsel. In fact, Musser advised the district court that he had clarified his earlier questions with counsel. Prior to accepting his pleas, the court again explained to Musser his rights, and Musser expressed his understanding of these rights. Musser also advised the court that no one had threatened him or promised anything in exchange for his pleas, that his mind was clear, and that he understood what was happening. Again, the court specifically informed Musser about the meaning of his pleas and the consequences thereof, explaining that if Musser pled no contest to the charges, the court would find him guilty and impose a

7

prison sentence within a certain range on the sentencing grid. Musser responded affirmatively when asked whether he understood the charges against him and the potential sentence he faced. The district court had the opportunity to observe Musser during this questioning and accepted his pleas; inherent in this acceptance was the district court's finding that Musser's pleas "were freely and voluntarily made with a full understanding of their consequences and not out of ignorance, fear, inadvertence or coercion."

Because Musser did not claim a conflict with his counsel, the duty to inquire from *Taylor* was not triggered. See *Taylor*, 266 Kan. at 977. And when applying the *Edgar* factors, or any other relevant factor, there is no evidence establishing good cause to permit Musser to withdraw his pleas, i.e., there is no evidence that Musser's counsel was incompetent, that Musser was misled or coerced in any way, or that Musser's pleas were not knowing and voluntary. A defendant's determination, in hindsight, that his or her plea was not the best course of action, without more, is not sufficient good cause. See *State v. Schow*, 287 Kan. 529, 542, 197 P.3d 825 (2008). Musser's only argument was akin to buyer's remorse, not good cause. The district court did not abuse its discretion in denying Musser's motion to withdraw his pleas.

*Aggravated presumptive sentence*

Musser also challenges the district court's decision to impose the aggravated penalty within the applicable sentencing grid for his rape convictions. Musser contends these sentences constituted an enhancement of the applicable penalty without a jury finding beyond a reasonable doubt, which violated his right to due process as interpreted by the United States Supreme Court in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

8

Contrary to Musser's argument, our Supreme Court concluded in *State v. Johnson*, 286 Kan. 824, Syl. ¶ 5, 190 P.3d 207 (2008), that a sentence which falls within the range of a presumptive grid block in the Kansas sentencing guidelines does not violate *Cunningham* or *Apprendi*. The *Johnson* court further explained that under K.S.A. 21-4721(c)(1), appellate courts lack jurisdiction to review any individual presumptive sentence. 286 Kan. at 851-52. Musser acknowledges the holding in *Johnson* but raises the issue to preserve it for federal review. Because there is no indication that our Supreme Court is departing from its position in *Johnson*, we are duty bound to follow it. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015); see also *State v. Hilt*, 299 Kan. 176, 201, 322 P.3d 367 (2014) (reaffirming *Johnson*). Musser's sentences for rape fell within the presumptive sentencing range, so we are without jurisdiction under K.S.A. 2017 Supp. 21-6820(c)(1) (formerly K.S.A. 21-4721[c][1]) to consider the district court's imposition of the higher term. As a result, this issue must be dismissed. See *Johnson*, 286 Kan. at 851-52.

Affirmed in part and dismissed in part.