NOT DESIGNATED FOR PUBLICATION

Nos. 118,797
118,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAE LEANA CONLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed March 1, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and LEBEN, JJ.

PER CURIAM: Defendant Rae Leana Conley appeals the ruling of the Shawnee County District Court denying her motion to withdraw her guilty pleas to felony theft and identity fraud before sentencing. Conley contended the pleas were not knowingly and intelligently entered because she has mental health issues and had not taken appropriate medication before the plea hearing. The district court rejected Conley's testimony to that effect in support of her motion as not credible. Given that determination, we find no error in the ruling and affirm the district court.

1

Conley was caught stealing perfume from a Topeka department store in 2013 and was charged with both felony theft as a repeat offender and aggravated burglary. In 2014, Conley used a birth certificate in some else's name to apply for a driver's license. She got caught and was charged with identity fraud.

Conley's lawyer and the State worked out a deal calling for her to plead guilty to felony theft and identity fraud with a joint recommendation for standard guidelines sentences for the crimes to be served consecutively. The State agreed to dismiss the aggravated burglary charge in exchange. Based on Conley's anticipated criminal history, she faced presumptive incarceration. The State, nonetheless, also agreed to join in a request for a personal recognizance bond for Conley after she pleaded guilty. Conley accepted the arrangement and signed a plea agreement.

The district court held a plea hearing in October 2014. The transcript of the plea hearing is unremarkable as those proceedings go. With her lawyer present, Conley acknowledged that she had not been threatened or coerced to entering pleas to the two charges and willingly chose to do so. The district court outlined the rights Conley would be giving up by pleading guilty, informed her of the maximum potential sentences, and noted the plea agreement. Conley agreed she understood those implications of entering a plea. She informed the district court she had adequate time to visit about the case and the plea with her lawyer and was satisfied with his services. Most notably here, Conley acknowledged she was neither under the influence of any medication nor had any mental conditions that would adversely affect her ability to understand and enter a plea.

For the most part, the district court posed yes-or-no questions to Conley to elicit information from her. The responses appear to be entirely appropriate, and nothing about the transcript indicates Conley failed to grasp what was going on. Neither her lawyer nor the prosecutor suggested some potential problem with the proceedings. The district court

found Conley's pleas to be knowingly and voluntarily made, accepted them, and adjudged her guilty of felony theft and identity fraud.

At the scheduled sentencing hearing, Conley asked for a continuance to file a motion to withdraw her pleas. The district court granted the request. With a new lawyer, Conley then filed her motion.

The district court heard the motion in late October 2015. We understand the delay largely resulted from Conley being held on new charges in another county. The delay is notable only because of its length; it has no particular legal significance. At the start of the hearing, Conley indicated she wished to withdraw her motion. As the district court questioned her to confirm her intention, Conley equivocated and reasserted that she intended to withdraw her guilty pleas. The district court, therefore, proceeded with the hearing. Conley was the only witness to testify.

Conley testified that she suffers from major depression, posttraumatic stress disorder, anxiety disorder, and a personality disorder. Conley told the district court that she was not in her "right state of mind" during the plea hearing and had been off her prescription medications as a pretrial detainee. In response to questions from her lawyer, Conley said she was hearing voices and hallucinating the day she entered her pleas. On cross-examination, Conley recognized the plea agreement. She acknowledged her signature appears on the document. But she said she recalled nothing of substance from the plea hearing itself—a sweeping claim of amnesia at odds with her direct testimony in which she remembered some parts of the plea proceedings.

In a bench ruling at the end of the motion hearing, the district court expressly found that Conley's "testimony is not credible" and denied her motion to withdraw the pleas for that reason. The district court later sentenced Conley to serve 15 months in prison on the felony theft conviction—a month longer than the plea agreement recommendation—and to serve consecutively 20 months in prison on the identity fraud

3

conviction—also a month longer than the plea agreement recommendation. The district court placed Conley on postrelease supervision for 12 months and ordered restitution to the department store. Conley was granted permission to file an untimely appeal.

LEGAL ANALYSIS

On appeal, Conley contends the district court erred both in denying her motion to withdraw her pleas and in considering her past convictions in compiling her criminal history without a jury finding confirming those convictions. As we explain, neither issue warrants relief.

A defendant has the right to withdraw a plea before sentencing for "good cause" and in the district court's "discretion." K.S.A. 2017 Supp. 22-3210(d)(1). District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these considerations—commonly known as the *Edgar* factors—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010); *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). All three factors need not favor the defendant to permit relief from a plea, and the district court should consider other relevant circumstances based on the facts of the particular case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

Because the governing statute expressly affords the district court discretion in ruling on a defendant's motion to withdraw a plea before sentencing, an appellate court reviews the determination for abuse of discretion. *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009). A district court abuses its discretion if the result reached is

"arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion). On review, we are bound by the district court's credibility determinations and may not reweigh the evidence presented during the hearing on Conley's motion. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 3, 249 P.3d 425 (2011) (noting deference to credibility findings and prohibition on weighing of conflicting evidence and applying rule to determination of motion to withdraw plea); cf. *State v. Franco*, 49 Kan. App. 2d 924, 936-37, 319 P.3d 551 (2014) (Appellate courts do not make credibility determinations in large part because they have no opportunity to see witnesses as they testify and in particular to observe their demeanor in responding to questions on cross-examination.).

Conley's pitch to the district court effectively focused on the third *Edgar* factor and rested on the notion that the pleas were neither fairly nor understandingly made because of her active mental illness at the time. The only evidence on that point, however, was Conley's uncorroborated testimony at the hearing. Conley offered no medical records or other documentation of her mental health history or of her condition in October 2014 when she pleaded guilty. No other witnesses testified to Conley's mental health status generally or her condition in October 2014. The transcript of the plea hearing shows Conley to have been in command of her faculties and cognizant of the proceedings, as the district court noted in denying the motion to withdraw the pleas. In short, once the district court found Conley's testimony to be unworthy of belief, nothing

else supported the motion. Although the district court did not serially identify and discuss each *Edgar* factor, there was no reason to do so. The motion lacked credible evidence on any legal theory or factual basis.

As we have suggested, we are in no position to reevaluate the district court's unequivocal credibility determination. From our vantage point, Conley's motion was without meaningful evidentiary support. The district court, therefore, acted well within its discretion in denying the motion.

For her other point on appeal, Conley contends the district court improperly considered her criminal history in imposing sentence. She argues that the district court's use of her past convictions in determining an appropriate sentence impairs her constitutional rights because the fact of those convictions was not found beyond a reasonable doubt by the jury. Conley relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition. She also acknowledges the Kansas Supreme Court has rejected that argument and has ruled the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline any invitation to rule otherwise, especially in light of the Kansas Supreme Court's continuing affirmation of *Ivory*. *State v. Parker*, 309 Kan. 1, 16, 430 P.3d 975 (2018); *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016).

Affirmed.