No. 101,628

STATE OF KANSAS, *Appellee*, v. TARLENE WILLIAMS, *Appellant*.
(236 P.3d 512)

Opinion filed August 6, 2010.

*Michelle Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Cathy A. Eaton*, assistant district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Steve Six*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: This is an appeal from the district court's denial of a

motion to withdraw plea. The appellant was sentenced to life without possibility of parole for 20 years on her plea of no contest to felony murder.

On April 22, 2007, fires were set outside the doors of a residence in Kansas City, Kansas. Fire engulfed the house and one of the two people inside, Marquetta Williams, died. The other, Billy Jones, was severely injured. Investigation led to the arrest of Tarlene Williams, who confessed that she set the fires after she had fought with Billy Jones for having another woman in the house.

Williams was charged with premeditated first-degree murder or, in the alternative, felony murder; attempted first-degree murder; and arson. Following plea negotiations, Williams pled no contest to felony murder, which carried a life sentence with no possibility of parole for 20 years. The State dismissed the attempted murder and arson charges. The Petition to Enter Plea of Nolo Contendere signed and filed with the district court by Williams specifically stated in bold type that she was satisfied with the advice and help her attorney had given her. At the plea hearing on April 15, 2008, the district court questioned Williams at length about her understanding of the plea negotiations and the consequences of entering a no contest plea, including her discussions with her attorney. Several off-the-record discussions with her attorney were required to complete the entry of the plea; however, Williams did indicate her satisfaction with her attorney and did enter a no contest plea to felony murder.

Prior to sentencing, on May 28, 2008, Williams' counsel filed a motion to withdraw plea, stating only, "[I]n support of said motion defendant states, '. . . I don't believe that taking the plea is the best for me.'" A hearing on the motion was held on June 6, 2008. At the hearing, counsel for Williams told the court that the language quoted in the motion to withdraw plea was from a letter to him from Williams. Further, counsel stated:

"I would also put into the record a previous letter that she wrote to me [in] which she states, [']after a lengthy discussion with my family members, it would appear that this was not done with my best interest in mind, rather as a quick resolution for you[']—you referring to me, Your Honor—[']and the State of Kan-

sas. Therefore, I would like to withdraw my plea agreement.['] That was previous to the letter that I've quoted in the motion to withdraw."

Counsel then encouraged the court to hear directly from Williams and the court agreed.

Williams addressed the court, saying, "My lawyer's talking about premeditation, but it wasn't premeditation and first-degree murder. I don't believe that I should have to get no first-degree murder because it wasn't that. I mean, involuntary manslaughter or something like that, but not no first-degree murder 'cause, you know, I was ran up out of my own house." The court explained that Williams had not pled no contest to an intentional act of killing someone, but to intentionally setting a fire that resulted in a death. Williams stated that she was concerned that the papers said that once she pled, she could not appeal, and that is what led her to question the plea with the court. The district court told Williams that she could appeal the court's ruling (on the motion to withdraw the plea) and she could appeal her no contest plea.

The court stated that Williams had not said "anything of a legal nature that would support me [withdrawing the plea]." The court then inquired of the State, and the prosecutor argued that Williams had not stated a legal reason amounting to good cause for a plea withdrawal. The court did not inquire of Williams' counsel, who did not step forward with any argument. The court found that "based upon my recollections of the plea and the no contest plea petition, it was a voluntarily and freely given plea and you were not coerced," and that Williams understood what she was doing and why she was doing it. The court did not address Williams' claim that her lawyer had not acted in her best interests in advising her to plea. The court denied Williams' motion. Williams was sentenced to life with no possibility of parole for 20 years.

The withdrawal of a plea of guilty or nolo contendere is governed by K.S.A. 22-3210(d):

"(d) A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

In *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009), the court explained the standard of review of a ruling on a motion to withdraw a plea entered before sentencing:

"K.S.A. 22-3210(d) addresses the withdrawal of a no contest or guilty plea. It establishes two standards for the district court. At any time before sentencing, a court may permit a plea to be withdrawn 'for good cause shown and within the discretion of the court.' After a sentence has been adjudged, the court may permit a plea withdrawal only '[t]o correct manifest injustice.' K.S.A. 22-3210(d). This case presents a situation in which the lesser, 'good cause' standard applies.

"In considering if this standard has been met, White urges this court to apply an unlimited standard of review, contending that this issue involves statutory interpretation. It is well established, however, that in reviewing a presentence denial of a motion to withdraw plea, an appellate court utilizes an abuse of discretion standard of review, as suggested by the language of K.S.A. 22-3210(d). But, as this court has explained, in order for the district court's decision to receive the full measure of that standard's deference, it must have been based upon a correct understanding of the law. *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006); see *State v. Schow*, 287 Kan. 529, 541, 197 P.3d 825 (2008); *State v. Harned*, 281 Kan. 1023, 1042, 135 P.3d 1169 (2006). The defendant bears the burden of establishing the abuse of discretion. *Schow*, 287 Kan. at 541.

"In determining whether the defendant has shown good cause to permit the withdrawal of a plea, the district court should consider whether: '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.' *Schow*, 287 Kan. at 546 (citing *Edgar*, 281 Kan. at 36); see *State v. Adams*, 284 Kan. 109, 114, 158 P.3d 977 (2007); *State v. Sanchez-Cazares*, 276 Kan. 451, 454, 78 P.3d 55 (2003)."

The appellant's argument is simple and straightforward. Pointing to the three factors set out in *Edgar* and *Schow*, she points out that the first responsibility of the district court in determining whether the defendant has shown good cause to withdraw her plea is to consider whether she has been represented by competent counsel. She argues that, despite the motion alleging that the plea had not been in her best interest, the district court failed to even inquire into competence of her counsel. Moreover, she argues, the district court also ignored the second inquiry regarding whether she had been misled, coerced, mistreated, or unfairly taken advantage of.

The State argues that the district court addressed the issue with which Williams indicated she was concerned—whether she had been convicted of a crime that required premeditation. It argues

that Williams' remarks indicated she was not really concerned about the representation she had received and, therefore, the district court need not have addressed that issue.

In our recent case of *State v. Aguilar*, 290 Kan. 506, 231 P.3d 563 (2010), we considered both the provenance and the application of the three factors set out above. Noting that we had recently referred to them as the *"Edgar* factors," we pointed out that their origin actually far predated the *Edgar* case. 290 Kan. at 511. Most important for purposes of this discussion, moreover, is that when the factors were developed by the court for review of plea withdrawal decisions, our modern code of criminal procedure and the statute it contains specifically addressing motions to withdraw guilty pleas had not yet been adopted. *Aguilar* clarified that the standard of review of motions to withdraw pleas is the statutory standard:

"Our previous inconsistent adherence to the *Edgar* factors to inform the standard for considering motions to withdraw pleas—regardless of whether the statutory language requires good cause or manifest injustice—has no doubt been confusing for practitioners and the district bench. In *Schow*, we finally and explicitly recognized the distinction drawn in the statutory language, characterizing good cause for presentence motions as a 'lesser standard' for a defendant to meet, when compared to manifest injustice for a defendant advancing a post-sentence motion. *Schow*, 287 Kan. at 541." *Aguilar*, 290 Kan. at 512.

The court went on to say this about the future of the *"Edgar* factors":

"The *Edgar* factors remain viable benchmarks for judicial discretion but reliance on them to the exclusion of other factors has not only conflated the good cause and manifest injustice standards of K.S.A. 22-3210(d) but also may have overemphasized the role of plea counsel's competence in deciding presentence plea withdrawal motions. . . .

". . . All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *Aguilar*, 290 Kan. at 512-13.

While *Aguilar* was a case about the representation provided the appellant and whether that representation served as good cause to allow her to withdraw her plea, we do not believe that is what this case is about. In this case, the district judge heard directly from

the appellant at the motion hearing, and the appellant's concerns were the nature of the plea she had entered, not her attorney's performance. Initially, she complained that she should not get convicted of first-degree murder because there was no premeditation. The district court judge explained that she pled to felony murder, which was based upon intentionally setting a fire that resulted in a death, not upon premeditated murder. She responded that she then understood the difference and was "okay" with that understanding.

Next, Williams told the district court she was concerned with the amount of time it had taken for the fire department to respond to the fire. When the district court pointed out that this concern had nothing to do with the plea, Williams returned to talking about the difference between premeditated first-degree murder and felony murder and again indicated she had not previously understood the difference but that she did understand it now. Then the district court went on to address her next concern, her appeal rights. Again, she indicated that she understood her plea better now.

Nothing in Williams' discussion with the judge indicated that she was concerned with the representation provided by her attorney beyond the fact that she had a misunderstanding about what she had pled to—a misunderstanding that had now been clarified to her satisfaction. In fact, the judge's final question to Williams after denying her motion was, "Do you understand what I'm doing and why?" to which she responded, "Now I do, yes." We see no abuse of discretion in the district court's conclusion that she had not shown good cause to withdraw her plea.

Williams makes an additional argument in support of her contention that the trial court failed to make the proper inquiries during the motion hearing. She points to *State v. Vann*, 280 Kan. 782, 127 P.3d 307 (2006), and *State v. Taylor*, 266 Kan. 967, 975 P.2d 1196 (1999), for the proposition that the district court had an independent duty to inquire further after the defendant raised the potential of a conflict of interest between herself and her counsel. In *Vann*, the defendant had filed several motions, including one to have his court-appointed counsel replaced and one to proceed pro

se. The district court had failed to address any of these motions. This court found:

" 'It is the task of the district judge to insure that a defendant's Sixth Amendment right to counsel is honored. [Citation omitted.]' *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 (1999). 'Where a trial court becomes aware of a possible conflict of interest between an attorney and a defendant charged with a felony, the court has a duty to inquire further.' 266 Kan. at 979 (citing *Wood v. Georgia*, 450 U.S. 261, 272, 67 L. Ed. 2d 220, 101 S. Ct. 1097 [1981] ). Likewise, 'where the trial court is advised of the possibility of a conflict by either the defendant or the State, the court is required to initiate an inquiry to insure that the defendant's Sixth Amendment right to counsel is not violated.' *State v. Jenkins*, 257 Kan. 1074, 1083-84, 898 P.2d 1121 (1995). 'A trial court abuses its discretion if it fails to inquire further after becoming aware of a potential conflict between an attorney and client.' *State v. Carver*, 32 Kan. App. 2d 1070, 1078, 95 P.3d 104 (2004) (citing *Taylor*, 266 Kan. at 978)." 280 Kan. at 789.

Williams sets this issue out as a separate error by the trial judge, subject to an abuse of discretion standard of review. The State agrees with the standard of review but maintains that Williams did not complain about her attorney at the hearing on the motion to withdraw and so the trial court was not remiss in failing to address the issue. We agree with the State's assessment and see no error in the district court's failure to address a nonexistent, possible conflict of interest between Williams and her attorney.

The decision of the district court is affirmed.

DAVIS, C.J., not participating.
LARSON, S. J., assigned.█