NOT DESIGNATED FOR PUBLICATION

No. 111,714

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA WARDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 18, 2015.
Affirmed.

*Johnathan M. Grube*, of Kansas Appellate Defender Office, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL and ATCHESON, JJ.

*Per Curiam*:  Defendant Joshua Warden appeals the Saline County District Court's ruling denying his presentencing motion to withdraw his pleas of no contest to a count of statutory rape and two counts of aggravated indecent liberties with a child. The district court thoroughly explored the motion in an evidentiary hearing for which Warden had been appointed a new lawyer. We find no abuse of discretion in the ruling and, therefore, affirm.

1

In March 2013, Warden's 13-year-old stepdaughter told an employee of a youth center where she attended Bible study that Warden had been sexually abusing her. The youth center employee informed the police about what the girl had said, prompting a criminal investigation. Based on a statement the girl gave investigators and other evidence, the State charged Warden with four counts of statutory rape, two counts of aggravated criminal sodomy, and two counts of aggravated indecent liberties with a child. Those are especially serious felonies carrying potential life sentences as Jessica's Law offenses. Warden was unable to afford a lawyer, so the district court appointed two lawyers from the regional public defender's office to represent him.

As the case progressed, Warden sent a letter to the district court expressing dissatisfaction with the appointed lawyers. The district court treated the letter as a pro se motion for appointment of new counsel, filed it, and held a brief hearing. At the hearing, the district court asked Warden about the basis for his displeasure. Warden provided no specific or detailed complaints either during the hearing or in his letter. In the letter, Warden indicated dismay at what appears to have been a plea offer from the State. At the hearing, the prosecutor said that the plea offer extended to Warden would not change even if his lawyers did.

About 10 days later, Warden and his lawyers appeared for a plea hearing. As part of a negotiated deal with the State, Warden agreed to plead no contest to one count of rape and two counts of aggravated indecent liberties with a child. The State agreed to dismiss the remaining charges. In addition, the State would recommend a departure to the sentencing guidelines, thus avoiding life sentences for Warden, with consecutive terms of imprisonment totaling 277 months. The agreement permitted Warden to argue for additional sentencing departures.

Because of the dissatisfaction Warden had earlier expressed about his representation, the district court conducted an especially thorough plea hearing. During

2

the hearing, Warden told the district court he had attended college for several years, he was clearheaded, and he was capable of making informed and voluntary decisions about the case. Warden also told the district court he had been given sufficient time to consult with his lawyers about the case and the proposed plea agreement. At one point, the district court briefly recessed the hearing so Warden could speak further with his lawyers in private. The district court reviewed the terms of the plea agreement with Warden, described the potential sentences he could receive on the remaining charges, and outlined the statutory and constitutional rights he would be giving up by entering a plea.

The district court cautioned Warden that the State's position on sentencing was simply a recommendation and not binding—the district court retained the authority to impose the maximum punishment. The district court similarly warned Warden that he should consider his decisions at the hearing to be final and that he would "most likely not be allowed to withdraw [the] plea." The State proffered a factual basis for the pleas. Toward the end of the hearing, Warden reiterated that he had sufficient opportunity to consult with his lawyers and stated he was satisfied with their assistance. Warden then pleaded no contest, and the district court accepted the pleas and adjudged him guilty.

At the scheduled sentencing hearing, one of the lawyers for Warden informed the district court Warden wished to withdraw his pleas. Warden told the district court his lawyers should have more thoroughly investigated the case. The district court postponed the sentencing and appointed a new lawyer to represent Warden on the motion to withdraw the pleas.

The written motion filed about 6 weeks later indicates Warden's original lawyers: (1) should have spent more time on "investigation of [Warden's] case"; (2) failed "to look for leads"; and (3) "repeatedly informed [him] of things that . . . would not be in his favor at trial." The motion did not elaborate on those grounds for setting aside the pleas. The

3

district court held an evidentiary hearing at which Warden, one of his former lawyers, and three other witnesses testified.

At the hearing, Warden testified that he felt "misled" by his lawyers and "started to question how honest they were being with me." He also testified he was concerned "whether or not they were giving me all of the pertinent information when I would ask questions." But Warden offered no particular examples of relevant information withheld from him or specific misleading or false representations by the lawyers. Warden conceded he believed he understood the relevant facts and understood what he was doing at the time he entered his plea. The other witnesses Warden called at the hearing offered no concrete instances of the lawyers doing something they should not have or failing to do something they should have in handling the case.

The district court denied Warden's motion to withdraw his pleas. At a later hearing, the district court followed the plea agreement and imposed consecutive guidelines sentences on Warden for the three convictions, yielding a total term of incarceration of 277 months. Warden has timely appealed the denial of the motion to withdraw his pleas.

A defendant may withdraw a guilty plea before sentencing in the discretion of the district court upon a showing of good cause. K.S.A. 2014 Supp. 22-3210(d)(1). District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea:  (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these factors—commonly known as the *Edgar* factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]— establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). All three factors need not favor the defendant to warrant relief from a plea, and

4

the district court should consider other relevant circumstances based on the facts of the particular case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

Because the governing statute expressly affords the district court discretion in ruling on a defendant's motion to withdraw a plea before sentencing, an appellate court reviews the determination for abuse of discretion. *State v. White*, 289 Kan. 279, 284, 211 P.3d 805 (2009). A district court may be said to have abused its discretion if the result reached is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion), *cert. denied* 132 S. Ct. 1594 (2012).

The district court understood the legal principles governing motions to withdraw pleas and specifically cited the *Edgar* factors. And in the bench ruling, the district court accurately captured the factual circumstances. On appeal, Warden suggests his lawyers misled him by not fully discussing the ramifications of the pleas and offered only "lackluster" representation, while the district court incorrectly evaluated his inability to understand the impact of the pleas because of his lawyers' ostensibly substandard

5

performance. The basic problem with Warden's argument is the lack of evidence to support the premises he advances.

Warden has offered nothing to show the lawyers failed to explore potentially meritorious defenses or gather potentially exculpatory evidence. Nor has he presented anything of substance to suggest he failed to understand the plea agreement or the impact of entering the pleas to the three charges. At the hearing on his motion, Warden effectively admitted otherwise.

The record on appeal, thus, undercuts the ostensible defects Warden claims. Warden's lawyers secured a plea agreement that the district court ultimately followed saving him from life sentences under which he could first be considered for parole only after serving 25 years in prison. Although Warden has received a lengthy sentence, he will be released from prison after serving just over 23 years and with credit for good behavior probably somewhat sooner. The plea agreement looks to be the product of able representation.

The district court's exhaustive plea hearing contradicts any suggestion Warden didn't understand the implication of what he was doing or the effect of pleading no contest. The district court carefully explained to Warden the rights he was giving up, the plea process, the penalties he faced, and the legal consequences of his decision. The record of the plea hearing also shows Warden to be well educated, mentally engaged, and acting without duress.

Accordingly, the district court's conclusions that Warden was not misled, coerced, or treated unfairly and that he fairly and understandingly pleaded no contest are well supported.

The only remaining basis to find the district court abused its discretion in denying the motion requires us to conclude no reasonable judicial officer would have taken the same position given the circumstances in this case. To the contrary, we readily recognize the district court's ruling to be one firmly anchored in the judicial mainstream.

Affirmed.