NOT DESIGNATED FOR PUBLICATION

No. 115,065

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMIAN KYLE CLANCY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed February 3, 2017. Remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Robert A. Walsh*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.


*Per Curiam*:  After pleading no contest to felony battery of a law enforcement officer in Cloud County District Court but before his sentencing, Defendant Damian Kyle Clancy's court-appointed lawyer simultaneously filed motions to withdraw the plea and to withdraw as counsel. The district court took up and denied those motions in exceptionally short back-to-back hearings that failed to adequately address the issues raised. Accordingly, we reverse those rulings and remand for further proceedings consistent with this opinion.

1

The facts underlying the criminal charge and most of the procedural history of the prosecution are irrelevant, so we dispense with them. The motion to withdraw the plea generally recited that Clancy believed he had "good cause" for the request, as required under K.S.A. 2015 Supp. 22-3210(d)(1), but provided no detailed explanation. The motion also correctly pointed out a district court ought to consider three principal factors in ruling on such a request: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these factors—commonly known as the *Edgar* factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). A showing of "lackluster" advocacy may suffice under the first factor. *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010). The motion, then, appeared to call into question the adequacy of the appointed lawyer's representation of Clancy.

The lawyer's motion to withdraw as counsel stated Clancy wanted new representation because he believed the lawyer lacked the "'spirit' to litigate his case." Clancy seemed to question his lawyer's willingness to effectively advocate for him—an assertion that implicitly questions competence. An indigent criminal defendant has to point to "justifiable dissatisfaction" with an appointed lawyer to warrant a change in legal representation. Justifiable dissatisfaction requires a demonstrable conflict of interest on the lawyer's part, an irreconcilable disagreement between the lawyer and defendant, or a complete breakdown in communication between them. *State v. Brown*, 300 Kan. 565, 575, 331 P.3d 797 (2014); *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014). If a criminal defendant presents a colorable basis for justifiable dissatisfaction, the district court is obligated to inquire further to assess the factual circumstances. *Brown*, 300 Kan. at 577.

The district court first took up the motion to withdraw the plea and had Clancy's lawyer make the presentation. The lawyer offered no evidence and simply argued the issue. The problem, however, is the motion required the lawyer to address her own competence in representing Clancy. And to advance his interests, she would have had to argue she had been less than competent. That poses a patent conflict of interest. Clancy, however, was entitled to have a conflict-free lawyer represent him on the motion. See *State v. Brown*, 300 Kan. at 574-75; *State v. Cheatham*, 296 Kan. 417, 429-30, 292 P.3d 318 (2013). The district court allowed Clancy to speak to the motion. But he effectively was representing himself in doing so. Clancy indicated the incident giving rise to the criminal case amounted to an accident. Although he didn't elaborate and wasn't asked to, a genuine accident might be inconsistent with the necessary mental state to support criminal liability.

Moreover, after denying the motion, the district court immediately turned to Clancy's request for a new lawyer. In speaking to that motion, Clancy questioned whether his lawyer had looked at the police video of the incident and suggested a police officer's testimony about the incident given in a child-in-need-of-care proceeding would have been at least somewhat beneficial to him in a criminal trial. Those assertions plainly bear on Clancy's belief he had not been adequately represented. But he didn't have the legal wherewithal to mention them during the hearing on the motion to withdraw his plea or the skill to articulate their significance at any point. His lawyer did not mention that potential evidence, either.

It very well may be that Clancy's concerns, when fully explored, would not warrant the withdrawal of his plea. The district court's approach, however, impermissibly prevented a full exploration of the issues bearing on the motion to withdraw the plea. If a defendant presents colorable grounds for withdrawing a plea calling into question the adequacy of his or her legal representation, he or she should be represented by conflict-free counsel. See *State v. Prado*, 299 Kan. 1251, 1259, 329 P.3d 473 (2014). When the

3

asserted grounds do not implicate the lawyer's representation or are frivolous on their face, the district court may proceed without a change in counsel. See *State v. Hill*, No. 112,985, 2016 WL 562919, at *4 (Kan. App. 2016) (unpublished opinion). The record here at least suggests the former and certainly does not establish the latter.

The record, likewise, shows the district court failed to sufficiently delve into the bases for Clancy's request for a new lawyer and could not have appropriately rejected them as legally inadequate. The district court needed to question Clancy in more detail about what he perceived the problems to be and to explore those concerns with his lawyer to assess the viability of the attorney-client relationship. Depending upon the nature of the dissatisfaction, Clancy might require independent legal representation on that motion. See *Brown*, 300 Kan. at 578 (court remands for hearing on motion with direction that defendant be represented by conflict-free counsel).

Because the district court didn't properly develop the factual record on either motion, it erred in denying both of them. The mistake requires remand for new hearings. Depending on the outcome of those hearings, Clancy may be entitled to additional relief. Obviously, if the motion to withdraw the plea turns out to be well founded, he must be allowed to proceed in that fashion. Should the request for a new lawyer be proper but the motion to withdraw the plea is not, Clancy's sentence ought to be vacated because he would have been represented by a lawyer unable to provide legally adequate representation in that situation. Clancy would, then, be entitled to a new sentencing hearing with substitute counsel.

Apart from those issues, we mention an apparent discrepancy in the charge to which Clancy entered the no-contest plea. In the journal entry, the crime of conviction is described a severity level 7 person felony with a presumptive guidelines sentence of 25 to 29 months in prison based on Clancy's criminal history. The crime, however, is identified as aggravated battery on a law enforcement officer, violating K.S.A. 2015 Supp. 21-

5413(d)(1)(A). But that would be a severity level 3 person felony, carrying a more severe presumptive punishment. The journal entry shows Clancy received a standard guidelines sentence for a severity level 7 person felony, corresponding to battery of a law enforcement officer. See K.S.A. 2015 Supp. 21-5413(c)(2), (g)(3)(B). Under no circumstances, could a severity level 3 person felony have a guidelines sentence falling in that range. The plea agreement and the plea hearing show Clancy pleading to a crime described to him as a severity level 7 person felony with a potential sentence of between 11 and 34 months, which everyone mislabeled as an "aggravated" battery of a law enforcement officer when the description actually matches battery of a law enforcement officer.

Remanded with directions.