NOT DESIGNATED FOR PUBLICATION

No. 118,769

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEANETTE CAROL GILMORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed May 8, 2020. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Defendant Jeanette Carol Gilmore has appealed the Johnson County District Court's order denying her presentencing motion to withdraw her no contest plea to an amended charge of felony criminal threat. We assess those rulings for abuse of discretion. Finding none here, we affirm the district court.

1

The State originally charged Gilmore with aggravated assault with a deadly weapon, a severity level 7 person felony violation of K.S.A. 2016 Supp. 21-5412(b)(1). The State's evidence showed that in November 2016 Gilmore got into an argument with a former coworker in the parking lot of an Olathe supermarket. Gilmore went to her truck, retrieved a handgun, and then reengaged the other person with the weapon at her side. Although Gilmore did not point the handgun, she waved it in a manner that would likely attract the other person's attention. Law enforcement officers obtained a security video of the incident from the supermarket.

Through her lawyer, Gilmore worked out an agreement with the district attorney's office under which she would plead no contest to an amended charge of criminal threat, a severity level 9 person felony violation of K.S.A. 2016 Supp. 21-5415(a), with a recommendation for a guidelines sentence with probation. The plea agreement avoided a special rule calling for presumptive incarceration of defendants committing person felonies with firearms. See K.S.A. 2016 Supp. 21-6804(h).

After entering the no contest plea but before sentencing, Gilmore filed a motion to set aside the plea on the grounds her lawyer didn't ably represent her. The district court appointed another lawyer to represent Gilmore. At an evidentiary hearing in September 2017, Gilmore and her original lawyer testified to the circumstances of the legal representation and, in particular, the plea agreement. The district court denied Gilmore's motion in a five-page journal entry filed shortly after the hearing. In the journal entry, the district court found Gilmore's credibility wanting.

The district court sentenced Gilmore about two months later and followed the plea agreement by placing her on probation for 12 months and imposing an underlying prison sentence of 8 months, the longest presumptive term under the guidelines, with 12 months

2

of postrelease supervision. Gilmore appealed the denial of the motion to withdraw her plea.

The case then took some odd procedural turns. Although those oddities don't directly affect the outcome, we summarize them. The district court used an electronic recording device rather than a court reporter to memorialize the September 2017 hearing on Gilmore's motion to withdraw her plea. In preparing the record on appeal, the parties learned that the hearing either was never recorded or the recording could not be transcribed.

This court issued an order remanding the case to the district court for the purpose of "recreating" a hearing transcript. Under Supreme Court Rule 3.04(a) (2019 Kan. S. Ct. R. 23), when a transcript is unavailable, one of the parties "may prepare a statement of the evidence . . . from the best available means." Those means include the recollections of the parties and their lawyers. The other parties may then object to the statement and offer suggested additions or corrections. Those materials are then to be submitted to the district court for reconciliation and approval, much like a disputed journal entry a party has drafted.

On remand, the district court determined preparation of a reconstructed statement of the hearing was wholly impractical and ordered a new hearing on Gilmore's motion to withdraw her plea. For reasons that are not entirely obvious from the appellate record, Gilmore's original lawyer was unavailable as a witness at the second hearing in March 2019. Gilmore, however, testified in support of her motion. At the conclusion of the hearing, the district court denied the motion in a bench ruling. Gilmore has appealed that decision.

3

A defendant has the right to withdraw a plea before sentencing for "good cause" and in the district court's "discretion." K.S.A. 2019 Supp. 22-3210(d)(1). District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these considerations—commonly known as the *Edgar* factors—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010); *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). All three factors need not favor the defendant to permit relief from a plea, and the district court should consider other relevant circumstances based on the facts of the particular case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

Because the governing statute expressly affords the district court discretion in ruling on a defendant's motion to withdraw a plea before sentencing, an appellate court reviews the determination for abuse of discretion. *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009). A district court abuses its discretion if the result reached is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support

in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion). On review, we are bound by the district court's credibility determinations and may not reweigh the evidence presented during the hearing on Gilmore's motion. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 3, 249 P.3d 425 (2011) (noting deference to credibility findings and prohibition on weighing of conflicting evidence and applying rule to determination of motion to withdraw plea).

Gilmore focuses her appeal on the inadequacy of her legal representation leading up to and through the plea hearing—effectively concentrating her argument on the first factor bearing on withdrawal of a plea. To satisfy this factor, the defendant must show his or her legal representation amounts to "lackluster advocacy," a less demanding standard than incompetence violating the right to counsel protected in the Sixth Amendment to the United States Constitution. See *State v. Schaefer*, 305 Kan. 581, 589, 385 P.3d 918 (2016). And the defendant must show prejudice as a result of the substandard representation. In the context of a motion to withdraw a plea, the defendant has to establish he or she would have gone to trial rather than having entered the plea. See *State v. Richardson*, 307 Kan. 2, 6, 404 P.3d 671 (2017).

The factors a district court considers in ruling on a motion to withdraw a plea are not obviously and clearly divisible. They tend to overlap in the sense that deficient legal representation may spill over into whether a defendant has been taken advantage of during the plea process or has not fairly or voluntarily entered a plea. We look at Gilmore's complaints in that context. As we explain, they do not persuade us the district court erred in denying her motion.

Gilmore has identified three circumstances to support her claim of inadequate or lackluster representation:

• Her original lawyer met with her only in court, meaning briefly just before hearings.

• Her original lawyer did not give her copies of police reports or allow her to watch the security video from the supermarket.

• Before the plea hearing, her original lawyer told her something to the effect that if she did not plead, he would go home and she would go to jail.

As to the first point, the record shows that Gilmore and her original lawyer met at least once outside the courthouse. She also communicated with her lawyer by telephone and e-mail during the course of the representation. At the plea hearing, Gilmore told the district court she had consulted with her lawyer and was making a voluntary decision to enter a plea to the amended charge. The district court concluded Gilmore's lawyer adequately consulted with her about the disposition of the case and that she entered an informed and voluntary plea.

As to the second point, we presume based on the record that Gilmore's lawyer did not show her the police reports or give her the opportunity to look at the security video. That is, there was no affirmative evidence at the second hearing on Gilmore's motion to withdraw her plea that she did see those materials. Given the underlying facts of the criminal episode, we do not see how Gilmore would have been materially disadvantaged in considering the plea and, concomitantly, in waiving her right to trial. Identity was not an issue, and the security video showed that Gilmore had armed herself and then extended the dispute with her former coworker. Gilmore, of course, knew what she did in the parking lot. At the plea hearing, neither Gilmore nor her lawyer took issue with the State's detailed factual recitation to that effect in support of the no contest plea.

As to the final point, we again presume (in the absence of contrary evidence) the general factual accuracy of Gilmore's representation as to what her lawyer told her. But that determination doesn't substantially advance Gilmore's argument. As we have indicated, Gilmore faced a presumption term of imprisonment on the initial charge of

aggravated assault under the special rule for person felonies committed with a firearm. K.S.A. 2016 Supp. 21-6804(h). Although the lawyer's statement, as Gilmore portrayed the words, may have lacked tact, it accurately, if abruptly, conveyed the crux of the legal predicament she would have faced had she rejected the plea, gone to trial, and been found guilty. This court has declined to find that "harsh but accurate advice" about the potential consequences of going to trial rather than pleading will support a defendant's motion to withdraw a plea. *State v. Orona*, No. 118,850, 2019 WL 490523, at *3 (Kan. App. 2019) (unpublished opinion); *State v. Taylor*, No. 112,442, 2015 WL 6835220, at *4 (Kan. App. 2015) (unpublished opinion). Those cases specifically considered whether the defendant had been impermissibly coerced, but the reasoning is applicable to the adequacy of the legal representation. Absent some unusual twist not present here, lawyers shouldn't be considered deficient for conveying correct legal advice to their clients. And their representation shouldn't be characterized as lackluster because they deliver the advice in what might be considered unvarnished terms.

We find no basis in Gilmore's arguments to conclude the district court abused its discretion in denying the motion to withdraw her plea. More broadly, Gilmore obtained a favorable plea agreement with the help of her original lawyer. That's circumstantial evidence of something more than lackluster representation. Gilmore has not articulated why she would have abandoned that beneficial agreement to go to trial on the aggravated assault charge or what colorable defense she might have marshalled to that charge.

The district court acted well within its judicial discretion in denying Gilmore's motion.

Affirmed.