NOT DESIGNATED FOR PUBLICATION

No. 121,943

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL LEE HARPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed December 23, 2020. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, chief deputy county attorney, *Gregory T. Benefiel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: A district court denied Michael Lee Harper's motion to withdraw his no-contest plea to one count of possession of marijuana with intent to distribute within 1,000 feet of a school and one count of misdemeanor battery of a law enforcement officer. Because of an intervening homicide trial and conviction, Harper made the motion several years after he had entered the plea but before he was sentenced for the crimes. When Harper returned to this prosecution, he filed this motion after he discovered that

1

the arresting officer here had been discharged from his position. After reviewing the officer's personnel file, the court denied Harper's motion.

To us, Harper argues that the court failed to consider all of his arguments and failed to analyze his claim under the factors listed by our Supreme Court in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). In his view, those factors must be considered by a court when deciding whether to allow a plea withdrawal.

When we consider appeals such as this, we use an abuse of discretion standard of review. 281 Kan. at 38. We find no abuse of discretion and affirm the denial of Harper's motion.

*The case history provides a context for our holding.*

A police officer saw what he believed to be a drug deal in the parking lot of an apartment complex near an elementary school in McPherson. The officer pursued and stopped the car involved in the deal. Once the car had stopped, Harper, a passenger in the car, fled. The officer chased him and eventually arrested him. When the officer retraced Harper's route, he found a bag containing about 4 grams of marijuana.

After that, Harper entered a no-contest plea to possession of marijuana with intent to distribute within 1,000 feet of a school and misdemeanor battery of a law enforcement officer. In exchange for his plea, the State agreed to dismiss a felony charge for interference with a law enforcement officer and a misdemeanor charge for assault against a law enforcement officer.

Before accepting Harper's plea, the court asked him a series of questions about the proceedings. Harper stated that he understood the charges and the plea agreement. He said he was pleading voluntarily and had fully discussed the matter with his attorney.

2

Plus, he was satisfied with his attorney's representation. Satisfied with these answers, the court accepted his plea, found Harper guilty, and set sentencing for a later date.

But Harper did not appear for sentencing. Two days after the sentencing hearing, Harper committed an attempted second-degree murder. In that prosecution, Harper entered a no-contest plea to that charge and the court sentenced him to 60 months in prison.

While serving his sentence for his attempted murder conviction, Harper moved to withdraw his plea to the charges in this case. He alleged in his motion that he did not fully appreciate the ramifications of his plea and the State had not provided impeachment information about the arresting officer, who Harper said was fired from the McPherson County Sheriff's Office for dishonest conduct. In his view, these circumstances are good cause under K.S.A. 2019 Supp. 22-3210(d)(1) to allow him to withdraw his plea before sentencing.

The record reveals that despite Harper's allegations in his motion that the officer had been fired for dishonest conduct, that conduct happened after the sheriff's department had terminated the officer. At Harper's sentencing hearing, the State acknowledged that the officer had tried to talk himself out of a speeding ticket and had not been truthful with the traffic officer who had stopped him. This incident occurred in Colorado three years after Harper's arrest. There are no details in the record about that incident beyond the State's statements during the hearing. Harper introduced no evidence about it.

At the parties' request, the district court reviewed the officer's personnel file for evidence that might affect the credibility of the officer under the doctrine set out in *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). The court found that nothing in the file was relevant.

Harper's attorney made more arguments at the plea withdrawal hearing. He said that Harper had entered the plea without fully understanding the allegations and the scope of the defenses available to him. He also said that Harper was not satisfied with the attorney who had represented him during the plea stage because the attorney had not adequately discussed all the defenses available to Harper or moved the court to suppress evidence. Harper did not testify, nor did he introduce any evidence about these issues.

The court denied Harper's motion. When the court denied the motion, it explained:

> "Well, the court is going to deny the motion. This motion is all based on *Brady-Giglio* issues. As counsel is aware, I reviewed the officer's personnel file. I did not find there was anything in the file that would rise to—or involve any *Brady-Giglio* matters and that's what this entire motion is based upon. So, the court is going to overrule that motion."

Harper never asked the court to make additional findings.

The court sentenced Harper to 68 months in prison for possessing 4 grams of marijuana with the intent to distribute within 1,000 feet of a school. It also imposed a one-year jail sentence for the misdemeanor battery charge. The court ordered those sentences to run concurrent with each other but consecutive to the 60-month sentence in his attempted murder case.

To us, Harper contends that the district court erred by denying his motion to withdraw his plea. He argues that the court abused its discretion in three ways by:

(1)     Failing to consider impeachment evidence about the arresting officer;

(2)     limiting its consideration of evidence to the officer's personnel file; and

(3)     not making an *Edgar* analysis.

4

*We review the rules that guide us.*

A defendant may withdraw a plea before sentencing on a showing of good cause and within the sound discretion of the district court. K.S.A. 2019 Supp. 22-3210(d)(1). On appeal, the defendant must show that the trial court abused its discretion in denying the motion to withdraw the plea. *Edgar*, 281 Kan. at 38; *State v. Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 1, 343 P.3d 544 (2015). A trial court abuses its discretion if it bases its decision on a legal or factual error, or if no reasonable person would agree with the decision. *Thoroughbred Assoc. v. Kansas City Royalty Co.*, 58 Kan. App. 2d 306, 332, 469 P.3d 666 (2020).

Harper's first two arguments are unconvincing. Harper introduced no evidence at the hearing on his plea withdrawal. He contends that the district court refused to consider new evidence affecting the arresting officer's credibility and improperly limited its consideration of evidence to the officer's personnel file. But the personnel file that the court reviewed independently was the only evidence before the court.

Despite a court order giving him access to any information outside of the officer's personnel file according to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) or *Giglio*, 405 U.S. 150, Harper did not introduce any evidence about the officer's dishonest conduct in the Colorado incident. Nor did he introduce any other evidence. Because of this, we reject his argument that the district court limited his evidence or refused to hear evidence at the hearing. There is simply nothing in this record that supports Harper's contentions on these two points.

We turn now to Harper's claim that by failing to conduct an *Edgar* analysis, the court committed a legal error and this was an abuse of discretion. A court must consider a series of factors when deciding whether to allow a plea withdrawal. These are known as the *Edgar* factors:

(1)     the defendant was represented by competent counsel;

(2)     the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and

(3)     the plea was fairly and understandingly made.

*Edgar*, 281 Kan. at 36.

Although the court must consider those factors, they are not an exhaustive list of factors that may be relevant, and the court may consider other factors. See *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

Our Supreme Court has held that a district court abuses its discretion when it fails to consider the *Edgar* factors when deciding whether good cause existed to withdraw a plea prior to sentencing. *State v. Freeman*, 292 Kan. 24, 30, 253 P.3d 1 (2011).

Even so, a court's failure to expressly analyze the *Edgar* factors does not necessarily constitute an abuse of discretion. The court is not required to consider *Edgar* factors that the defendant has not argued, for example. See *State v. Williams*, 290 Kan. 1050, 1055-56, 236 P.3d 512 (2010). Nor is the district court required to make express findings on each *Edgar* factor; implicit consideration is enough. In *State v. Brownfield*, No. 119,853, 2020 WL 499711, at *2 (Kan. App. 2020) (unpublished opinion), the court found implicit connections between statements made by the district court and the *Edgar* factors. In *State v. Molina*, No. 104,375, 2011 WL 6309457, at *3-4 (Kan. App. 2011) (unpublished opinion), the court found an implicit consideration by the court when the State discussed the factors in its argument.

Here, while the district court did not explicitly discuss the *Edgar* factors, parts of the record suggest that the court implicitly considered them. The State argued at the hearing that Harper had understood the plea and voluntarily entered it. The State also said that the attorney who had represented Harper was an experienced and well-respected

6

defense attorney. And after denying the motion, when Harper complained at sentencing that he had been under the influence during the plea hearing and he was not satisfied with his attorney, the court noted that it had presided over that hearing and reminded Harper that he had said that he was satisfied with his attorney and he was acting voluntarily:

"Well, Mr. Harper, let me address your first issue that you raised. I spent a considerable amount of time with you at the time I took the plea from you. That was back on June 6th of 2016, and you told the court at that time that this is what you wanted to do is to enter a plea of no contest to these charges. You told the court this was your voluntary decision. You told the court that you were satisfied with your counsel at that time and didn't have any further questions for your attorney or for the court at that time. Based upon those comments and statements, I accepted your plea of no contest to these charges."

Thus, the record suggests that the district court had considered the *Edgar* factors when it ruled on Harper's motion. The statements the court made about the plea hearing were at the sentencing stage when the court denied Harper's motion to withdraw his plea.

The district court did not cite *Edgar* or explicitly apply the *Edgar* factors. But, like the court in *Brownfield*, we can discern connections between some statements made by the district court and those factors. We also note that no request was made to the district court for more findings. On appeal, when the district court was not asked to make additional findings, we presume it made the findings that would support its decision so long as they are supported by the record. See *State v. Herbel*, 296 Kan. 1101, 1119-20, 299 P.3d 292 (2013).

We find no abuse of discretion here.

Affirmed.